### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1876, IN THE SIXTY-FIRST YEAR OF THE STATE.

———◆———

### PARKER v. HEATON.

STATUTE OF FRAUDS.—*Verbal Agreement to Convey Real Estate.—Part Performance.*—A., the owner of certain real estate, in order to procure means to purchase certain other real estate of B., would be compelled to dispose of his own real estate, which could only be done at a certain sacrifice, of which he informed B. B. verbally agreed with A., that, if the latter would so dispose of his property and apply the proceeds of such sale to purchasing B.'s real estate, he, B., on a certain day, for a fixed price, would sell and convey his real estate to A. The latter thereupon disposed of his real estate, making such sacrifice, tendered to B. the proceeds of such sale, demanded of him that he so convey his said real estate to A., and, upon B.'s refusal to so sell and convey, brought an action for damages for a breach of such agreement.

*Held*, on demurrer for want of sufficient facts, that B.'s agreement to convey was within the statute of frauds, and that such action could not be maintained.

*Held*, also, that A.'s disposal of his property, at such sacrifice, was not such a part performance as would take B.'s agreement out of the operation of such statute.

VOL. LV.—1

From the Clinton Circuit Court.

*J. Claybaugh* and *J. Campbell*, for appellant.

*S. H. Doyal* and *P. W. Gard*, for appellee.

Howk, J.—The appellant, as plaintiff, sued the appellee, as defendant, in the court below, alleging in his complaint, in substance, the following facts :

That on September 1st, 1874, the appellee made and entered into an agreement with appellant, whereby appellee agreed to sell and convey to appellant certain real estate, particularly described in said complaint, in Frankfort, Clinton county, Indiana, on or before September 15th, 1874, for the sum of four thousand dollars, payable in certain specified payments ; that when said agreement was made, appellant was the owner of certain real estate in Thorntown, Boone county, Indiana, of the value of twenty-five hundred dollars, which real estate, he then and there informed the appellee, he would have to sell at a sacrifice of eleven hundred dollars, to raise the money to purchase appellee's said property ; that appellee, at the time, told the appellant to sell his Thorntown property at said price, and he would sell the appellant said Frankfort property ; and it was then and there understood and agreed that appellant should sell his Thorntown property, at said sacrifice, and apply its proceeds on the purchase of said Frankfort property, which the appellee would sell and convey to appellant at the said date, pursuant to said agreement and understanding ; that appellant did sell his Thorntown property, at said sacrifice and reduction, and accepted the sum of fourteen hundred dollars therefor, when, in fact, said property was of the value of twenty-five hundred dollars ; that the appellant, still relying upon appellee's promise that he would sell and convey to appellant said Frankfort property, obtained from the proceeds of the sale of his Thorntown property the sum of five hundred dollars, and tendered the same to appellee, and demanded from him a deed for said Frankfort property,

under said contract; that appellant in all things complied with his agreement, and sold his Thorntown property for the purpose of buying said Frankfort property of appellee and obtaining money to pay appellee for the same; but that the appellee, wholly disregarding his contract, failed, refused and neglected to convey said Frankfort property to appellant, although often requested so to do. And appellant averred, that by means of the premises he had sustained damages in the sum of fifteen hundred dollars, for which he demanded judgment and other proper relief.

Appellee demurred to appellant's complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrer was sustained by the court below, and to this decision appellant excepted. And appellant declining to amend further, judgment was rendered by the court below, upon the demurrer, in favor of appellee and against the appellant.

In this court appellant has alleged as error the decision of the court below, in sustaining appellee's demurrer to appellant's complaint. And the only question presented by this alleged error for our consideration is this : Is appellant's case, as stated in his complaint, within the statute of frauds ?

It is provided by the first section of the statute of this State, for the prevention of frauds, etc., " That no action shall be brought * * * upon any contract for the sale of lands; * . * * unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; * * *." 1 R. S. 1876, p. 503. The alleged contract or agreement between the parties to this action, stated in appellant's complaint, and for an alleged breach of which, by appellee, the appellant has sued in this action to recover damages, was not in writing but was entirely parol. The case

at bar, in our opinion, is wholly within the provisions of the section of the statute above cited. The whole case, briefly stated, seems to be this; appellant wanted appellee's Frankfort property, and appellee agreed to sell his property to appellant for four thousand dollars, on certain terms, by a certain day; and appellant owned Thorntown property worth twenty-five hundred dollars, which he told appellee he would have to sell at the reduced price of fourteen hundred dollars, in order to buy appellee's Frankfort property; and appellee told the appellant to sell his Thorntown property, at said reduced price, and appellee would convey his Frankfort property to appellant, for four thousand dollars, at the time and upon the terms named; and appellant sold his Thorntown property at the reduced price of fourteen hundred dollars, but appellee refused to sell and convey his property to appellant.

It is insisted by appellant's attorneys, that appellant's sale of his Thorntown property, at said reduced price, was such a part performance of the contract between the parties to this action, as would take the case out of the statute of frauds. But this position is wholly untenable. Appellant's sale of his Thorntown property was not a part of the contract between appellant and appellee. Appellee did not agree to buy the Thorntown property, and appellant did not agree that the proceeds of the sale of that property should be paid over to appellee. No doubt the Thorntown property was spoken of between the parties, in coming to their agreement about the appellee's property. But it can not be said, with any legal accuracy, that appellant's sale of his Thorntown property was a part performance of his alleged contract for the purchase of appellee's property. Upon this point of part performance, in connection with the statute of frauds, we cite the case of *Sands* v. *Thompson*, 43 Ind. 18, in which case WORDEN, J., elaborately examined and considered the whole question.

In the case now under consideration, the agreement

stated in appellant's complaint was clearly within the statute of frauds, and the court below committed no error in sustaining appellee's demurrer to said complaint.

Judgment is affirmed, at appellant's costs.