WILEY v. BRADLEY.

STATUTE OF FRAUDS.—*Parol Contract Concerning Land.—Performance.—Implied Contract.*—A landholder and another entered into a contract whereby the former granted to the latter the right to set out certain lands in fruit trees, at his own expense, and retain the same during the lifetime of such trees, and receive two-thirds of their product each year as his compensation.  Complaint by the latter, alleging performance of his part of the contract, but that, while such trees were in vigorous growth, but before they had yielded any thing, the landholder had, without his consent, conveyed such lands to another, and since such conveyance the trees had borne fruit of a certain value.

*Held*, on demurrer, that such contract, having been performed in part, was not void by the statute of frauds, and that the defendant is liable, as on an implied promise to pay.

From the Switzerland Circuit Court.

*J. A. Works, J. D. Works* and *J. A. Works, Jr.*, for appellant.

*W. H. Adkinson*, for appellee.

BIDDLE, C. J.—The complaint of the appellee, against the appellant, avers, that the parties agreed that the appellee should put out upon a certain twenty acres of land, belonging to the appellant, five hundred peach trees, at his own expense, and take care of and cultivate them during the lifetime of the trees; for which expense and labor the appellee was to receive two-thirds of the prod-

uct of said trees during their lifetime; that he so purchased, at great expense, and put out, said peach trees on said land, in the month of March, 1864, cared for and cultivated them until the month of February, 1868, at which time the appellant sold and conveyed the land, without the knowledge or consent of the appellee, to George W. Miller, up to which time the trees had borne no fruit, but were in fine growing condition, and in the years 1868, 1869, 1870 and 1871, bore a crop of peaches of the value of three hundred dollars per year, of the benefits of which the appellee was deprived, to the damage, etc.

Answer:

1. General denial; and,

2 and 3. Special paragraphs.

To the 2d and 3d paragraphs, separate demurrers, for the alleged want of facts, were sustained, and exceptions saved.

The appellant assigns the insufficiency of the complaint for error, and also insists, that the demurrers to the second and third paragraphs of answer should have been carried back and sustained to the complaint. His objection to the complaint is, that the contract it sets up is within the statute of frauds, and, as it is not shown to be in writing, can not be enforced. If no part of the contract had been performed by either party, perhaps his point would be well taken; but the contract was not void, although not in writing, and for the part performance by the appellee, as it is, alleged, whereby the appellant was benefited, an action will lie upon the implied promise to pay, independent of the special contract. The appellant can not receive a benefit under the contract, and then, by breaking it, avoid payment for what he has received. *Wilson* v. *Ray*, 13 Ind. 1; *Mather* v. *Scoles*, 35 Ind. 1.

For a full examination of the question as to how far a party may recover for a part performance of a special contract, which, as a special contract, has failed, see *Adams* v. *Cosby*, 48 Ind. 153.

As the substance of the second and third paragraphs of answer is, that the contract is within the statute of frauds, and not in writing, holding the complaint good necessarily decides that they are bad.

The judgment is affirmed, at the costs of the appellant.