## CARLISLE *v.* BRENNAN ET UX.

STATUTE OF FRAUDS.—*Contract for the Sale of Real Estate.—Specific Performance.—Part Performance.—Pleading.—Practice.—Demurrer.*—In an action against a husband and wife, to recover the possession of real estate, the wife filed a cross complaint, alleging that theretofore her husband was the owner of the real estate in controversy and was indebted to the plaintiff; that said real estate had been purchased with her money, of which plaintiff had notice; that, as an inducement to defendant to join her husband in the execution of a mortgage on the property to secure said debt of her husband to the plaintiff, the plaintiff agreed with her that if she would join in the mortgage, and would pay the plaintiff, out of her separate property,

the said debt, within a certain time, and the expense of foreclosing said mortgage, he would foreclose said mortgage, buy in the property at the sheriff's sale, and immediately thereafter convey it to her by deed, in fee-simple ; that, upon the faith of this agreement, to which the husband also assented, she joined in said mortgage ; that she was in possession of said real estate, at the time of said agreement, and was still in possession ; that she had paid said sum before the expiration of the time specified, and also the costs of the foreclosure, but that plaintiff had refused to comply with said agreement, and had refused to execute said deed. Prayer for an order requiring the plaintiff to convey said real estate to her.

*Held,* on demurrer, that it will be presumed, the contrary not being alleged, that the agreement counted upon was verbal ; and if it is such as is required by the statute of frauds to be in writing, the objection may be taken by a demurrer for the want of sufficient facts.

*Held,* also, that such agreement was for the sale of real estate, and, not being in writing, comes within clause 4 of section 1 of the statute of frauds.

*Held,* also, that the cross complaint shows no such part performance of the agreement on the part of the wife, as will take the case out of the statute, and entitle her to specific performance.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris,* for appellant.

*C. Byfield, D. W. Howe* and *G. H. Voss,* for appellees.

Howk, J.—This was an action by the appellant, as plaintiff, against the appellees, as defendants, to recover the possession of certain real estate, particularly described, in the city of Indianapolis, Marion county, Indiana, and damages for having been unlawfully kept out of the possession thereof. The appellant's complaint was in the usual statutory form in such cases. The appellee Ellen Brennan separately answered in paragraphs numbered from one to six, both inclusive. The first of these paragraphs was a general denial; the second is not in the record, and, we are informed, was never filed in the court below; the third is what is called by the parties a cross complaint; and the fourth, fifth and sixth paragraphs, respectively, contained affirmative matters, by way of defence.

The appellant's demurrer to the third paragraph, or cross complaint, of the appellee Ellen Brennan, for the alleged

insufficiency of the facts therein to constitute a defence to his action, was overruled by the court, and to this decision he excepted. The appellant also demurred to each of the fourth, fifth and sixth paragraphs of the separate answer of the appellee Ellen Brennan, upon the ground that it did not state facts sufficient to constitute a defence to his action. We fail to find in the record, that these latter demurrers, or either of them, were ever decided by the court below.

The appellant replied, in two paragraphs, to the answer and cross complaint of Ellen Brennan, as follows :

1.   A general denial ; and,

2.   An affirmative or special reply.

The issues joined were tried by a jury, and a verdict was returned for the appellee Ellen Brennan, finding that she was entitled to a specific performance of the agreement set up in her cross complaint, by a conveyance of the title held by the appellant. The appellant's motion for a new trial was overruled, and he excepted to this decision, and filed his bill of exceptions. The court at special term then rendered judgment upon and in accordance with the verdict of the jury, to which judgment the appellant excepted, and appealed therefrom to the court below, in general term, where the judgment of the court at special term was affirmed. From this judgment of affirmance, this appeal is now here prosecuted.

In this court, the appellant has assigned, as error, the judgment of the court below in general term ; and this alleged error brings before us the errors assigned by the appellant in the general term. These alleged errors were, in substance as follows :

1.   The overruling of the appellant's motion to strike out the fourth, fifth and sixth paragraphs of the separate answer of Ellen Brennan ;

2.   The overruling of his demurrer to the third answer or cross complaint of Ellen Brennan ;

Carlisle *v.* Brennan *et ux.*

3.   The overruling of his demurrers to the fourth, fifth and sixth paragraphs of the answer of Ellen Brennan;

4.   The overruling of his motion for a *venire de novo ;*

5.   The overruling of his motion for a new trial;

6.   The rendition of final judgment on the verdict of the jury, in favor of John Brennan and against the appellant.

It seems to us, that the controlling questions in this case arise under, and are presented by, the second error assigned by the appellant in the court below, in general term, namely, the overruling of his demurrer to the so-called cross complaint of the appellee Ellen Brennan. Does this cross complaint state facts sufficient to entitle Ellen Brennan to a conveyance, by or from the appellant, of the real estate described in his complaint? This we regard as the decisive question in this case.

The cross complaint of Ellen Brennan is exceedingly long, and contains so much verbiage and immaterial and unnecessary matter, that we will not attempt to set it out in this opinion. We will give, however, a summary of the facts alleged by Ellen Brennan, in her cross complaint: On and before the 9th day of February, 1866, John Brennan, the husband of Ellen Brennan, was the owner of the real estate in controversy, and was in debt to the appellant. On the day last named, the appellant and John Brennan requested Ellen Brennan to join her husband in a mortgage to the appellant of the real estate, to secure a debt of $900.00 to the appellant from John Brennan. Ellen then told the appellant, that the real estate was purchased with her money, and was in justice and equity her property. As an inducement to Ellen to join her husband in the execution of the mortgage on the property, the appellant then stated to her, that if she would join in the mortgage, and would pay the appellant, out of her separate property, the said sum of $900.00, within twelve months from that

time, and the expenses of foreclosing said mortgage, he, the appellant, would foreclose said mortgage and buy in the property at the sheriff's sale thereof, under said foreclosure, and immediately thereafter would convey the property to her by a good and sufficient deed, in fee-simple—the appellant, and the husband of Ellen, then telling her that this was the only way by which she could ever acquire a good title to said property. We gather from the allegations of the cross complaint, and the mass of surplusage and irrelevant matter contained therein, that the foregoing proposition of the appellant was accepted by the appellee Ellen Brennan, and became the basis of a parol agreement between her and the appellant, of the same tenor and effect, upon the faith of which agreement she joined her husband in the execution of the aforesaid mortgage to the appellant to secure, as she supposed, the payment of nine hundred dollars only. She was ignorant, and could not read either written or printed matter, and the appellant, shortly before she executed the mortgage, falsely read it to her as a mortgage to secure the payment of nine hundred dollars only, when, in fact, as she afterward learned, it was a mortgage to secure the payment of two thousand one hundred dollars. At the time the appellant's proposition was made to, and accepted by, Ellen Brennan, and at the time it became an agreement between them, and the mortgage was executed, she, the said Ellen Brennan, was in the possession of the real estate in controversy, and had remained in the possession thereof from that time until the time of the filing of her cross complaint. Soon after the execution of said mortgage, John Brennan, the husband of Ellen, abandoned her and their family, and left the State for parts unknown to her. Long before the expiration of the twelve months, mentioned in the appellant's proposition to, and agreement with, Ellen Brennan, as she believed, she fully paid him the said sum of nine

hundred dollars out of her separate property; and after he had foreclosed the mortgage, and had purchased the real estate in controversy at sheriff's sale, under the foreclosure, she paid him the sum of one hundred dollars out of her separate estate, as the costs and attorney's fees in said foreclosure and sale. A few months afterward, she requested the appellant to make her a deed of said real estate pursuant to their agreement, and he put her off then, and from time to time afterward, by telling her that he had neglected to make the deed, but would do it soon. Finally, he refused to make her a deed, and told her that her husband had gone into bankruptcy; that his assignee had been ordered by the court in bankruptcy to sell the property to pay her husband's debts, and that he, the appellant, had bought it of said assignee for himself, and that he intended to hold it. Wherefore Ellen Brennan declared that the appellant then claimed and held the said real estate in fraud of her rights, and she therefore prayed the court to declare, order and adjudge that, inasmuch as the appellant bought said property in fraud of her rights, and procured his said sheriff's deed therefor through said fraudulent transactions, and thereon she had fully paid for the same, and had in all things performed her part thereof, the court would declare that the appellant held the said property in trust for her use and benefit, and that he might be ordered to convey the same to her by such deed as would give her all the right in the same, which he acquired by said sheriff's sale; and she prayed for all other proper relief.

It will be very readily seen, we think, from the foregoing statement of the substance of her cross complaint, that the appellee Ellen Brennan sued therein and thereby to obtain the specific performance of an alleged parol agreement between her and the appellant, by his conveyance to her, under the order of the court, of all the right in the

real estate, described in his complaint, which he acquired
under and by virtue of the sheriff's sale thereof to him, as
stated in her cross complaint. The question, therefore,
which lies at the foundation of the cross suit of Ellen Bren-
nan, in this action, relates to the validity of the alleged
parol agreement, which constituted her cause of action,
and upon which she has sued in her cross complaint. We
call the alleged agreement, stated in the cross complaint,
a *parol* agreement, because it was not alleged in the cross
complaint, that such agreement was in writing, nor was
any copy thereof filed with the pleading. In such a
case, a conclusive presumption arises, that the agreement
or contract was not in writing; and, if the agreement or
contract be such as is required by the statute of frauds to be
in writing, the objection may be taken by a demurrer for
the want of sufficient facts. *Harper* v. *Miller*, 27 Ind. 277 ;
*Musselman* v. *Kent*, 33 Ind. 452; and *King* v. *The Enter-
prise Insurance Company*, 45 Ind. 43.

The agreement counted upon by the appellee Ellen
Brennan, in her cross complaint in this case, was an al-
leged parol agreement or contract by the appellant for the
sale to her of the real estate described in his complaint.

In section 1 of " An act for the prevention of frauds and
perjuries, and requiring certain contracts to be in writing,"
etc., approved June 9th, 1852, it is provided, "That no ac-
tion shall be brought," *inter alia,* in the following case:
"*Fourth.* Upon any contract for the sale of lands; *  *
*  *  * unless the promise, contract or agreement,
upon which such action shall be brought, or some memo-
randum or note thereof, shall be in writing, and signed by
the party to be charged therewith, or by some person
thereunto by him lawfully authorized; excepting, howev-
er, leases not exceeding the term of three years." 1 R. S.
1876, p. 503. It is very clear, we think, that the alleged
agreement or contract of the appellant, stated in the cross

complaint of the appellee Ellen Brennan, for the sale to her of the real estate in controversy, is within the provisions of the section quoted of the statute of frauds, and that no action could be brought or maintained on such agreement or contract, for the specific performance thereof, unless it has been shown by the allegations of her cross complaint, that there had been such a part performance by the appellee Ellen Brennan, of the stipulations of the agreement or contract, as would take it without the inhibition of the statute.

It will be observed, in and by the allegations of her cross complaint, that nothing was done, or was claimed to have been done, by the appellee Ellen Brennan, under or pursuant to the alleged agreement or contract of sale, or in part performance thereof, except the bare payment of the sums of money which she alleged that she had agreed to pay the appellant, as and for the purchase-money of the real estate in controversy. There was no change of the possession of the real estate, no giving or taking possession thereof, under or pursuant to the alleged agreement or contract of sale. No change of possession was alleged; and, indeed, we think that the allegations of the cross complaint affirmatively show that there was, in fact, no change of possession consequent upon, or pursuant to, such alleged agreement or contract of sale. For, as we have seen, it was alleged in her cross complaint, that the appellee Ellen Brennan was in the possession of the real estate, when the appellant agreed and contracted to sell her the property.

It follows, therefore, that the only part performance, if such it can be called, of the alleged agreement or contract of sale by the appellee Ellen Brennan, was the naked payment of the sums of money, which were to be paid by her, as she alleged, as the purchase-money of the real estate in controversy. Says Mr. Browne, in his treatise on

the construction of the Statute of Frauds, on the point now under consideration:

"And now, by an unbroken current of authorities, running through many years, it is settled too firmly for question, that payment, even to the whole amount of the purchase-money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract." Section 461.

This is the law in this State on the question we are now considering, as settled and declared in and by a number of the decisions of this court. *Johnston* v. *Glancy*, 4 Blackf. 94; *Mather* v. *Scoles*, 35 Ind. 1; and *Pearson* v. *East*, 36 Ind. 27.

In the case last cited, it was said:

"While it is well settled that the taking of possession under a contract of purchase of real estate, is sufficient to take the case out of the operation of the statute of frauds, it is equally well settled that simply to remain in possession is not sufficient, even though the purchase-money may have been paid and improvements made.     *     *     *     *

"If the purchaser has made improvements for which he has a valid claim, he can be compensated therefor in damages. *Anthony* v. *Leftwich*, 3 Rand. 238. And if he has paid purchase-money, he may recover it in an action for money had and received."

For the reasons given, we are clearly of the opinion that the facts alleged in the cross complaint of the appellee Ellen Brennan were not sufficient to constitute a cause of action, or to entitle her to a specific performance of the alleged agreement or contract of sale, as prayed for therein. Therefore, we hold that the court erred in overruling the appellant's demurrer to said cross complaint.

The conclusion we have reached, in regard to the insufficiency of the facts stated in the cross complaint of the appellee Ellen Brennan to constitute a cause of action,

renders it wholly unnecessary for us to consider or decide any of the other questions presented for decision, by any of the other alleged errors. The only controversy in this action, as shown by the record, is a controversy between the appellant and Ellen Brennan as to the ownership of the real estate described in the complaint. If the appellee Ellen Brennan has stated correctly the terms of the agreement or contract between her and the appellant, in her cross complaint, as we must assume that she has, it is very clear, we think, that this agreement or contract is within the operation of the statute of frauds, and that there has been no such part performance of such agreement or contract, as would take the case out of the statute. In such case, the remedy of the appellee Ellen Brennan, if there was such an agreement or contract of sale and the payment of the purchase-money thereon, is an action to recover the payments made, as so much money had and received by the appellant for her use, and not an action for the specific performance of such agreement or contract.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the appellant's demurrer to the third paragraph of answer, or cross complaint, of the appellee Ellen Brennan, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.