Jarboe v. Severin et al.

No. 9669.

JARBOE v. SEVERIN ET AL.

MARRIED WOMAN.—*Statute of Frauds.*— *Vendor and Vendee.*—*Implied Prom-ise.*— *Contract.*—*Consideration.*—A married woman joined her husband in the conveyance of his lands, in consideration of which the vendee orally agreed to convey to her a city lot, which he afterwards refused to do.

*Held,* that a complaint by the wife against the vendee for failure to per-form his agreement, showing these facts, was good on demurrer.

*Held,* also, that the release by a wife of her inchoate interest in her hus-band's lands may be a valuable consideration.

*Held,* also, that the above facts give rise to an implied promise by the vendee that he will either return what he has received or its value, as being held by him on a consideration which has failed.

SAME.—*Husband and Wife.*—*Conveyance.*—*Presumption.*—Where a wife joins with her husband in the conveyance of his land, it will be presumed, in the absence of any special agreement to the contrary, that the induce-ment for the release of her inchoate right as to the grantee was the con-sideration paid by him for the land.

From the Clay Circuit Court.

*S. W. Curtis,* for appellant.

*G. A. Knight* and *C. H. Knight,* for appellees.

BLACK, C.—The appellant sued the appellees, the com-plaint being in two paragraphs. The first paragraph alleged, "that on the — day of ——, 1876, the defendants, in con-sideration that the plaintiff would join her husband, William Jarboe, in the conveyance of certain real estate situated in Clay county, Indiana, which defendants had purchased of her said husband, then of the value of twenty thousand dollars, in which this plaintiff had an inchoate interest in one-third of the value of two thousand dollars; that they would, in consideration as aforesaid for her said conveyance of her in-choate interest in and to her said husband's land so purchased as aforesaid, convey to her lot number seventeen, in John Hendrix's fourth addition to the town of Brazil, then of the value of two thousand dollars. And plaintiff says that, in pursuance of said purchase and sale so made, she did join her

Jarboe v. Severin et al.

said husband in the conveyance of the real estate so purchased by the defendants, and thereby conveyed to them her inchoate interest in and to said lands; that said conveyance included all the lands then owned by her said husband. She further says that after said defendants had procured said conveyance as aforesaid, and said deeds delivered to them, they refused to convey to this plaintiff said lot seventeen, though often requested so to do. Plaintiff further says that said agreement to convey lot seventeen was for the purchase price of her inchoate interest in and to the lands sold to said defendants by her said husband, and that she would not have parted with her rights in and to said lands except upon the fraudulent promises of the defendants as above set forth. Wherefore she says said defendants are indebted to her in the sum of two thousand dollars, for which she asks judgment and all proper relief; and that said amount be declared by this court a lien upon lot seventeen," etc.

The second paragraph alleged, in substance, that appellant's husband was the owner of certain lands in said county, describing them, in which she had an inchoate interest of one-third; that the lands were worth fifteen thousand dollars; that her husband, being indebted to appellees, had mortgaged said lands to them, to secure said indebtedness; that on, etc., appellees purchased of her husband his fee simple interest and her inchoate interest, and agreed to pay therefor by conveying to appellant said lot in Brazil; that her husband conveyed all their right, title and interest in said lands by deed duly acknowledged, and appellees took possession of said lands, but have failed and refused to convey said lot to appellant, though often requested so to do ; that said lot and her inchoate interest in said lands were each worth two thousand dollars. Prayer as in the first paragraph, except that it is asked that the lien be declared on said lands.

Appellees demurred to each paragraph of the complaint, and the demurrer was sustained. Appellant declined to

amend or to plead further, and judgment was rendered for appellees. The ruling on the demurrer is assigned as error..

The contracts for the conveyance of said lot stated in the complaint, not being alleged to have been in writing, must be regarded as verbal. *Carlisle* v. *Brennan*, 67 Ind. 12. Therefore, the complaint can not be regarded as sufficiently setting forth a cause of action for damages for breach of an agreement to convey land.

Are facts sufficient alleged to show a right of recovery because of the performance of the consideration under a contract which can not be enforced, and which the promisor refuses to perform?

The release by a wife of her inchoate interest in her husband's real estate may be a valuable consideration. *Hollowell* v. *Simonson*, 21 Ind. 398; *Brown* v. *Rawlings*, 72 Ind. 505. In *Farwell* v. *Johnston*, 34 Mich. 342, it is said: " It has always been held that a release by a wife of an interest which was within her own option to release or not—as, for example, a right of dower—is a valuable consideration, which will support a post-nuptial settlement, and therefore will suffice for any other purpose."

It is insisted, on behalf of appellees, that if there can be any recovery at law, as it can not be had upon the express promise, it must be upon a promise which the law will imply from the facts; and that when a married woman has joined her husband in the execution of a deed of conveyance of his real estate, for the purpose of releasing her inchoate interest therein to the grantee, and she has herself received no separate compensation therefor from the grantee, the law will not imply a promise on the part of the grantee to pay her what her inchoate interest was worth, and that, therefore, appellant has no remedy.

We think that where a wife has joined with her husband in the execution of a deed of conveyance of his land, it should be presumed, in the absence of any special agreement to the contrary, that the inducement for the release of her inchoate

right, as to the grantee, was the consideration paid for the land by the grantee to her husband, and not that she was separately paid or promised anything by the grantee.

It is also plain that where damages can not be recovered for breach of an agreement, because of the statute of frauds, a party to it who has performed his part must, in an action at law, recover upon an agreement implied by the law from the facts. But the implied agreement upon which the party who has performed his part of the contract recovers in such a case does not arise as supposed by counsel. Where, in pursuance of an express verbal contract for the purchase of land, the vendee has paid money, conveyed real estate, delivered personal property or performed service, and the vendor refuses to convey, the action, whatever its form, by which the vendor recovers, is, in fact, not based upon an implied promise of the vendor arising from the vendee's payment, conveyance, delivery or rendering of service.

These benefits were, in truth, conferred on the vendor and received by him under a special agreement, and "The law * * * presumes a promise only where it does not appear that there is any special agreement between the parties." 2 Greenl. Ev., sec. 103. The promise which, in such case, the law implies is, that the vendor, unable or unwilling to perform his special agreement, *will return* whatever he has received thereunder or its value, as being held by him upon a consideration which has failed. Browne Stat. Frauds, sec. 118.

In *Burt* v. *Bowles*, 69 Ind. 1, it is said: "It is a familiar principle that money paid, or personal property delivered, or real estate conveyed, under a void contract or a contract which can not be enforced, may be recovered back or compensation recovered therefor. In the case before us, as the alleged express contract of Bowles can not be enforced, the implied contract arises at once that he will return the property he obtained under it, or render compensation therefor." 2 Chit. Pl. 287, note; *Wiley* v. *Bradley*, 60 Ind. 62.

That the appellant may recover the value of her inchoate

interest which she released to appellants by joining her husband in the execution of the deed of conveyance of his lands, it will be necessary to prove the special contract; but this is not forbidden by the statute, which merely provides that no action shall be brought upon the contract.

The second paragraph of the complaint alleges that appellees purchased of appellant's husband his fee simple interest and her inchoate interest, and agreed to pay therefor by conveying to appellant said town lot, and that her husband conveyed all their right, title and interest in his said lands by deed duly acknowledged, etc.

This may be taken as averring that she and her husband united in a deed of conveyance by which he conveyed his interest and she released her interest, and that the promise to convey the lot to her was made to her husband.

If this contract had been in writing, she could have recovered upon it in her own name, it being made for her benefit. It was not necessary for her to be a party to such a contract to enable her to take the benefit thereof; but the contract not being in writing she could not recover upon it. The appellees having received a valuable interest from her under the verbal contract, she can, upon their refusal to convey, recover back, what she could recover if the promise had been made by the appellees to her, the value of what she parted with, that is, the value of her inchoate interest.

The interest of her husband was parted with by him for her benefit, and all his rights in the subject-matter of the contract passed to her as a gift; and we think that the right to recover back the value of the portion of the consideration furnished by her husband, upon failure or refusal of the appellees to convey, passed to her, and that she may recover the value of her husband's interest in the lands as well as that of her inchoate interest therein, though it involve proof of the special agreement. Her action to so recover is not an action upon the contract within the meaning of the statute of frauds.

Both paragraphs of the complaint are very loosely and carelessly drawn; yet we think that each of them states facts sufficient to constitute a cause of action.

The question whether the facts stated constitute a cause of action for specific performance has not been argued, and we do not decide it.

The judgment should be reversed.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and that the cause be remanded with instructions to overrule the demurrer to the complaint.