Filed Feb. 16, 1887.

---

No. 12,578.

## GREEN v. GROVES ET AL.

CONTRACT.—*Specific Performance.*—*Sale of Real Estate.*—*Statute of Frauds.*—*Husband and Wife.*—*Release of Inchoate Interest.*—*Mortgage.*—*Debtor and Creditor.*—A verbal agreement by a creditor with the wife of his debtor, that in consideration that she shall join her husband in a mortgage of real estate belonging to the latter, thus releasing her inchoate interest, he will, upon acquiring title through foreclosure and sale, convey to her a certain part of the property, is a parol contract for the sale of land within the meaning of the statute of frauds, and if the mortgagee refuses to convey, specific performance can not be enforced.

SAME.—*Part Performance.*—*Payment of Consideration.*—*Continuation of Precedent Possession.*—Neither the continuation of a precedent possession, nor the payment of the consideration, in whatever form, is such part performance of a parol contract for the sale of land as will take it out of the statute of frauds.

SAME.—*Refusal to Perform Contract to Convey.*—*Fraud.*—A refusal to fulfil a contract to convey is a moral wrong, but is not, in itself, such fraud as will justify a decree for a specific performance notwithstanding the statute of frauds.

From the Hendricks Circuit Court.

*L. M. Campbell* and *H. E. Smith*, for appellant.

*J. S. Duncan, C. W. Smith, J. R. Wilson, T. L. Sullivan.* and *A. Q. Jones*, for appellees.

ZOLLARS, J.—The facts stated in appellant's complaint, so far as they are essential here, are as follows: In 1876, appellant's husband, Morton D. Green, was the owner in fee of a tract of land, and also three lots in Brownsburg. At that time he was indebted to his kinsman and close friend, Morton W. Groves, in the sum of $2,000, which debt was evidenced by a promissory note.

He was also indebted to other persons; his whole indebtedness being more than he was able to pay. In November of that year, Groves, desiring to have his debt secured and thus acquire a preference over other creditors, applied to appellant and her husband, and requested them to give him a mortgage upon the real estate above mentioned to secure his debt, being all the real estate that Green owned. At the time he made this request, he promised appellant, that if she would join in the mortgage with her husband, he, Groves, in the event he was required to foreclose the mortgage, and if he should purchase the real estate at the sheriff's sale, would, after getting a sheriff's deed, upon demand, convey to her, appellant, the said lots. As a further inducement to her to join in the execution of the mortgage, Groves represented to her that she would, by the method proposed, become invested with the title to a portion of the real estate equal to one-third of the whole, at less trouble and expense than she could by any other means; that the expense of the execution of the mortgage and the foreclosure of the same would be no greater by reason of her joining in the execution, and that, finally, being the owner of the real estate by a sheriff's sale and deed, the cost of executing a deed to appellant for the lots would be the only expense incurred; and that if she should not so join in the mortgage, in order to get her one-third interest in the land set apart, it would be necessary to

incur the expense of a partition suit. Having full confidence in the integrity of Groves, and in his promise, and relying thereon, appellant joined with her husband in the mortgages that covered the land and lots above mentioned.

At that time, and ever since, appellant was, and has been, in the actual possession of the lots.

In May, 1878, Groves instituted a suit for the foreclosure of the mortgages. At the time he commenced the suit, and at the time the summons was served upon appellant, he again promised and agreed with her, that if she would allow a decree of foreclosure to be made upon default, he would in good faith, and for her use, benefit and protection, carry out his original promise, to convey to her by deed the said lots.

Relying again upon his promise, she made default; the mortgage was foreclosed, and a decree for the sale of the real estate was rendered. In August, 1878, the real estate was sold under the decree, and Groves purchased it upon a bid of $2,100, being the full amount of his debt, with costs.

At the time of the sale the land was worth $2,500 and the lots $800. At the expiration of a year after the sale, Groves received a sheriff's deed, and within a very short time thereafter, and before having an opportunity to make the conveyance of the lots as agreed upon, he died intestate, leaving appellees herein as his minor children and heirs at law.

Thus, the heirs of Groves hold the real estate, of the value of over $3,000, for a debt of appellant's husband of $2,000 originally, and she has nothing. The prayer of the complaint is for a decree for a specific performance of the contract between her and Groves, for the appointment of a commissioner to convey the said lots to her, and that her title thereto be quieted as against any claims by appellees. "And she prays for general relief in the premises."

A demurrer was sustained to the complaint, and a judgment for costs was rendered against appellant.

From that judgment she appealed, and assigns as error here the ruling of the court in sustaining the demurrer. The case

:as made by the complaint is clearly not for a rescission of the contract between appellant and Groves, and the recovery of what she conveyed to him, nor for money damages. This is manifest from several considerations. In the first place, she released her right in the land and the lots; the complaint has reference to the lots alone.

The complaint does not treat the contract between appellant and Groves as void or voidable, but, on the contrary, is constructed upon the theory that it is valid and enforceable, and may and ought to be specifically enforced. The prayer is not that appellant may have restored to her what she parted with by her deed to Groves; not that the one-third of the lots and land may be set off to her; nor that she may recover money damages, by reason of his bad faith in the non-fulfilment of the contract, but that the contract may be enforced according to its terms.

In short, the action is upon the contract. The prayer "for general relief in the premises" must be held to have relation to the lots. The theory of the complaint, as we have said, is, that appellant is entitled to recover the lots. If, upon that theory, it is insufficient, the demurrer thereto was properly sustained. Cottrell v. Ætna Life Ins. Co., 97 Ind. 311; Western Union Tel. Co. v. Reed, 96 Ind. 195 (198); First Nat'l Bank v. Root, 107 Ind. 224.

In the second place, the action can not be said to be for money damages, because the proper parties are not shown to be before the court. Under exceptional circumstances, cases may be maintained against the heirs, which are ordinarily to be prosecuted against the administrator. This is not shown to be such a case. For aught that appears, there may be an administrator of Groves' estate, or, if not, one ought to be appointed. See Schneider v. Piessner, 54 Ind. 524; Bearss v. Montgomery, 46 Ind. 544; Walpole v. Bishop, 31 Ind. 156. Does the complaint, then, make a case for a specific performance of the contract to convey the lots to appellant?

There being no averment that the contract between appel-

lant and Groves was in writing, it must be assumed that it rested in parol. *Langford* v. *Freeman*, 60 Ind. 46 ; *Carlisle* v. *Brennan*, 67 Ind. 12.

The statute of frauds and perjuries, section 4904, R. S. 1881, provides that no action shall be brought upon any contract for the sale of lands, unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized.

The contract set out in the complaint is clearly within the statute of frauds. Within the sense, spirit and purpose of that statute, it is a contract for the sale of land. At the time the contract was made, appellant's husband owned the land and lots. Had she not signed the mortgage, upon its foreclosure and a sale of the land and lots under the decree, she would have become the owner in fee of the undivided one-third thereof, under the statute of 1875. Until such sale, she had but an inchoate interest in the lands and lots. The release of that inchoate interest, however, was a sufficient consideration for the promise by Groves. *Jarboe* v. *Severin*, 85 Ind. 496, and cases there cited.

The release of that inchoate interest in the land is the alleged consideration for the agreement on the part of Groves to acquire title to the lots and convey them to appellant. In short, the substance of the agreement is, in the sense of the statute of frauds, that Groves should sell the lots to appellant—should convey the title thereto to her, and thus make her what she was not before, the owner of them.

The agreement was not for an exchange of lands, as contended by appellant's counsel, because appellant did not own any of the land. And if it had been, it would have been no less within the statute of frauds.

Mr. Waterman, in his work on Specific Performance of Contracts, at section 279, says : " There is no difference between a parol sale and a parol exchange of lands, in regard

to the requisites to take it out of the statute of frauds."
That doctrine has been fully recognized and sanctioned by
this court. Indeed, the precise question presented by the
complaint here has been adjudicated against appellant in the
case of *Carlisle* v. *Brennan, supra.* In that case, the wife
joined her husband in the execution of a mortgage to secure
the husband's debt, with the verbal agreement between her
and the mortgagee, that he should foreclose the mortgage, and
thereby perfect the title to the real estate in himself, and,
upon payment of the debt by the wife, convey the real estate
to her. In pursuance of the agreement, the wife executed
the mortgage; it was foreclosed, and title to the real estate
was thereby lodged in the mortgagee; the wife paid the debt
to him, and after all that was done, he refused to convey the
real estate to her.

It was held that the contract was within the statute of
frauds, and that the wife was, therefore, not entitled to a
decree for a specific performance, nor to a decree that the
mortgagee held the land in trust for her.

In the case before us, the wife executed the contract on
her part, by executing the mortgage. So she did in that
case, and, in addition, paid the debt for which the mortgage
was given. In that case, the promised conveyance was in
consideration of the execution of the mortgage, and the pay-
ment of the debt by the wife. Here, the promised convey-
ance was in consideration of the execution of the mortgage
by the wife.

The execution of the mortgage by appellant was but the
payment of the consideration for which Groves agreed to
convey to her the title to the lots, and was no more a part
performance of the contract, so as to take it without the
statute of frauds, than would have been a payment of money.
That the payment of the purchase-money, in whatever way it
may be paid, is not such a part performance of a parol con-
tract for the sale of land as will take it without the statute
of frauds, is well settled. *Suman* v. *Springate,* 67 Ind. 115

(123); *Carlisle* v. *Brennan, supra; Railsback* v. *Walke,* 81 Ind. 409 (414); *Johns* v. *Johns,* 67 Ind. 440; *Wallace* v. *Long,* 105 Ind. 522 (55 Am. R. 222), and cases there cited.

It is averred in the complaint, as will be observed, that at the time the contract was made between Groves and appellant, and ever since until the institution of this suit, she was, and has been, in possession of the lots. It thus appears that the possession was not given or taken, in pursuance or by reason of the contract.

The possession, therefore, was not a part performance of the contract, so as to take it without the statute of frauds, because it preceded the contract. *Johns* v. *Johns, supra,* p. 444, and cases there cited; *Carlisle* v. *Brennan, supra; Railsback* v. *Walke, supra; Pearson* v. *East,* 36 Ind. 27.

The purpose of the statute of frauds is to prevent fraud and perjury; in other words, to prevent fraud by means of perjury. The philosophical reason why a part performance will take a parol contract without the statute is, that the acts constituting such part performance, of themselves, are to a greater or less extent evidence of the contract.

It is said by a standard author : " The general principle is, that the act of part performance must have reference to the contract, be in execution of it, and be an act which would be prejudicial to the party seeking performance, if the agreement were not enforced. The act performed should tend to show, not only that there has been an agreement, but also to throw light on the nature of that agreement, so that neither the fact of an agreement, nor even the nature of that agreement, rests solely upon parol evidence, the parol evidence being auxiliary to the proof afforded by the circumstances of the case itself." Waterman Specific Performance of Contracts, section 261.

Neither the simple payment of a sum of money, nor, what is equivalent, payment in something else, or in some other way, nor the continuation of possession, existing prior to the

alleged contract, tends to throw light on the nature of the contract, or to show that there was such a contract.

We are constrained to hold, that the contract, as stated in the complaint, is within the statute of frauds, and that no such part performance is shown as takes it without the statute.

Nor is such fraud shown on the part of Groves, or his heirs, as will entitle appellant to a specific performance, notwithstanding the statute.

The most that can be said is, that after Groves had received from appellant the consideration for which he agreed to convey the lots to her, he neglected and refused, and his heirs still refuse, to convey them as agreed. If that were sufficient fraud to take the contract for the sale of land without the statute, then, in every case where the purchase-money is paid, the vendee might specifically enforce the parol contract for the conveyance of the land. Such is not the law, as shown by the authorities already cited.

Appellant relied upon the veracity and integrity of Groves, believing that he would fulfil his engagement. In that she was mistaken. He neglected, or, to put it stronger, refused, to convey the lots. Such a refusal is a moral wrong, but it is not such a fraud as will justify a decree for a specific performance, notwithstanding the statute of frauds. Caylor v. Roe, 99 Ind. 1 (8), and authorities there cited. See, also, Parker v. Heaton, 55 Ind. 1; Irwin v. Hubbard, 49 Ind. 350 (19 Am. R. 679); Sands v. Thompson, 43 Ind. 18.

We hold that the contract, as stated in the complaint, is within the statute of frauds, and that no such part performance or fraud is shown as would authorize a decree for a specific performance of the contract, notwithstanding the statute of frauds.

If there had been a part performance, such as the law recognizes, section 4908, R. S. 1881, would apply, and the contract might be specifically enforced.

Under the averments in the complaint, appellant is not

entitled to the relief asked, upon the ground that Groves. held, and his heirs now hold, the lots in trust for her. See *Mescall* v. *Tully*, 91 Ind. 96, and cases there cited.

It is not to be understood from what we here hold, and the reasons stated for so holding, that appellant is without remedy. Nor is it necessary for us to indicate what her remedy may be. That is indicated, if not definitely settled, by the cases cited by her learned counsel. See *Jarboe* v. *Severin*, 85 Ind. 496. See, also, *Wallace* v. *Long*, *supra*.

It is enough here that the facts stated in the complaint are not sufficient to entitle appellant to a decree giving her a title to the lots, through a specific performance of the contract between her and Groves.

Judgment affirmed.

Filed Feb. 15, 1887.