May Term,
1861.

ARNOLD
v.
CORD.

---- ◆ ● ◆ ► ----

ARNOLD v. CORD.

A person agreeing verbally to bid in land for another at sheriff's sale, will be decreed to hold in trust, though he takes the title in his own name, and pleads the Statute of Frauds in bar.

The purchaser of land under a void judicial sale must, in a proceeding to recover back the purchase money with interest, account for the rents and profits received by him while in possession of the premises.

If one purchase property at a sale on execution, at the request of the execution debtor, under an agreement to restore it to the debtor, whereby the debtor is induced to relax his exertions to satisfy the execution, the agreement will be enforced.

A Court of Equity will not permit the Statute of Frauds to be set up as a defense by a party infected with fraud ; and parol trusts of real estate are frequently established in direct contravention of the statute, upon the principle that instruments which would have been executed, or would have existed, but for fraud, are to be treated as if actually executed and existing.

Where a grantee agrees to give a defeasance, and after he has got the deed evades doing it, Chancery will relieve against the fraud, and enforce the agreement.

A Court of Chancery relieves against fraud by converting the person guilty of it into a trustee for those injured thereby.

A purchaser at sheriff's sale, who has by fraud prevented the attendance of other purchasers, will not be permitted to hold the land so purchased.

APPEAL from the *Johnson* Circuit Court.

PERKINS, J.—Suit to avoid a conveyance for fraud, and to recover possession of land. Issues of fact were formed, and tried in *Marion* county, and a new trial granted on the application of the defendant, now the appellant. A change of venue was taken to *Johnson* county, and a continuance was there applied for, but no question arises in this Court upon

Friday,
May 31.

any of the proceedings in the cause till subsequent to that application. The deposition of a witness resident in the State, if not in the county where the cause is tried, or in an adjoining county, may be taken in vacation. 2 R. S., § 250, p. 86.

The cause was tried by a jury, the parties agreeing that each might submit interrogatories to be answered, and that the answers thereto should be taken as the verdict in the cause. Seventy-nine interrogatories, in the aggregate, were submitted, and most of them answered. On these answers, as an agreed special verdict, judgment was rendered for the plaintiff.

The facts of the case are these. *Cord* had mortgaged his land to the State. *Arnold*, as two successive juries found, induced *Cord* to let him, *Arnold*, purchase the land at the sale on the mortgage, promising to hold it for *Cord's* benefit, and to permit him to redeem it; *Arnold* intending all the time to cheat *Cord* out of the land. He promised to give *Cord* a writing evidencing his right to redeem, but baffled him in relation to it, till it was too late for *Cord* to raise the money to prevent the sale, and after the sale refused it altogether. *Arnold* got possession under his purchase.

The following propositions, supported by authority, meet and settle the case:

" A person agreeing verbally to bid in land for another at sheriff's sale, shall be bound and decreed to hold in trust, though he took the title in his own name, and plead the Statute of Frauds in bar." *Denton* v. *McKenzie*, 1 Desaussuré, 289.

" The purchaser of real estate under a void judicial sale must, in a proceeding to recover back the purchase money with interest, account for rents and profits received by him while in possession of the premises." *Taylor* v. *Conner*, 7 Ind. 115. See, as bearing on some of the points, *Ludlow* v. *Kidd*, 4 Ohio, 244; *Steele* v. *Worthington*, 2 Ohio, 182; *Woods* v. *Dille*, 11 Ohio, 455; 6 Wheaton, 498; 6 Johns. Ch. R. 531; 7 Blackf. 178.

" If *A.* purchase property at execution, at the request of the debtor, under an agreement to restore it to the debtor, whereby the debtor is induced to relax his exertions to satisfy

the execution, the agreement will be enforced." *Lillard* v.
*Casey*, 2 Bibb, 459.

" A Court of Equity will not permit the Statute of Frauds to be set up as a defense by a party infected with fraud; and parol trusts of real estate have frequently been established in direct contradiction of the statute, on the ground of fraud." Hill on Trustees, side page, 59.

Speaking of the fraudulent failure to execute a written instrument according to agreement, the same author says: " the Court in all these cases acts upon the principle that the instruments which would have been executed, or would have existed, but for the fraud, are to be treated as if actually executed and existing." *Ibid*, side page, 152. He cites, *Middleton* v. *Middleton*, 1 J. & W. 99; *Salturn* v. *Melhuish*, Ambl. 249.

" Where a grantee agrees to give a defeasance, and after he has got the deed evades doing it, Chancery will relieve against the fraud and enforce the agreement." *Peck* v. *Baldwin*, 1 Root. 455.

" A piece of land subject to a mortgage, to secure a debt for which the owner of the land was not personally liable, was sold under an agreement with the mortgagee that the owner might purchase it at a reduced price. The owner employed an agent to purchase for him, who having purchased claimed to have done so on his own account. *Held*, that the agreement with the mortgagor and agent being valid, the agent was to be deemed a trustee in the purchase, whether he secretly intended to purchase for himself or not." *Brown* v. *Lynch*, 1 Paige, Ch. R. 147.

" A Court of Chancery relieves against fraud by converting the person guilty of it into a trustee for those injured thereby." *Ibid.*

" Where *A.* agrees with *B.* to purchase property at sheriff's sale for *B.*, and he purchases the property, but takes an absolute conveyance to himself and refuses to convey to *B.*, the latter, not being privy to the conveyance, is not bound by it, and may prove the trust by parol." *Strong* v. *Glassgow*, 2 Mur. 289.

" Where one purchased land at sheriff's sale, and received a conveyance, under a parol agreement to reconvey to the

May Term,
1861.

defendant in execution, on his paying what was owing from him to the purchaser, the parol agreement was enforced, and a reconveyance ordered on payment of the redemption money, and fair compensation to the purchaser for his trouble and expense." *Combs* v. *Little*, 3 Green, N. J. Ch. R. 310.

"Where the purchaser at sheriff's sale promised by parol to permit the debtor to redeem, in consequence of which certain land was sold which otherwise would not have been, and competition was prevented by the understanding that the purchase was for the benefit of the debtor, the purchaser was compelled to permit a redemption, and the Statute of Frauds held to be no bar." *Nealy* v. *Torain*, 1 Dev. & Bat., N. C. Ch. R. 626.

"A purchaser at sheriff's sale who has, by fraud, prevented the attendance of other purchasers, will not be permitted to hold the land so purchased." *Martin* v. *Blight*, 4 J. J. Marshall, 491.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages and costs.

*C. C. Nave*, for the appellant.