*D. D. Pratt* and *D. P. Baldwin*, for the appellant.
*D. D. Dykernan*, for the appellee.

---

## SHEPHERD and Others *v.* FISHER and Others.

An administrator *de bonis non* filed with the clerk of the proper Court, in vacation, his petition for the sale of real estate of the deceased. Notice to the heirs was issued by the clerk, and at the next term of the Court a sale was ordered, in accordance with the petition. The land was sold, the purchase money paid, and a deed executed to the purchaser by order of Court. Proceedings by the heirs of the intestate to review the order directing a conveyance to be made.

*Held*, that under the R. S. 1843, the petition of the administrator was properly filed in vacation, and that the clerk had authority to issue notice to the heirs without any special order of the Court.

*Held*, also, that the heirs of the intestate stand in the same position as if the sale had been made by them, and can not set aside the sale on the ground of fraud, or of a trust, without having first restored the purchase money.

A person entitled to rescind a contract on the ground of fraud, must restore to the other party what has been received, so as to place him in *statu quo*.

APPEAL from the *Vanderburg* Common Pleas.          *Wednesday, December 4.*

WORDEN, J.—*Hiram W. Cloud* died, leaving certain real estate. Letters of administration *de bonis non* having been granted to *James T. Walker*, he petitioned the proper Court for an order to sell the land for the payment of the debts of the deceased, which was granted, and the land sold to *John T. Fisher*, one of the appellees, who paid the purchase money, and, by order of the Court, received a conveyance therefor.

This complaint was filed by the heirs of *Cloud*, deceased, for a review of the order directing a conveyance to be made to *Fisher*, and asking that the sale be set aside on the ground of fraud, &c. Demurrer to the complaint sustained. The plaintiffs appeal.

The proceedings on the application for an order to sell the land seem to have been entirely regular. The only objection made in this respect is, that the petition was filed in the vacation of the Court, notice to the heirs issued by the clerk, and the sale ordered at the next term. It is claimed, that "the petition should have been presented to the *Court while in session*, and notice given to the heirs by the order of the Court; that as it was given by the clerk, it was a mere nullity." We do not concur in this view. The statute under which the proceedings were had, (R. S. 1843, p. 527,) to be sure, required that the petition should be presented to the Court, and the Court could only make the order while in session, all of which was done here; but it is further provided by the same statute, (§ 223,) that "No order for such sale of real estate shall be made, until notice of the petition, and of the time and place of hearing the same, *shall have been given* to the heirs," &c.

We think, under these provisions, the petition was properly filed in vacation, and notice properly issued by the clerk, without any special order of the Court; and that notice having been served in time, the order was properly made at the next term of the Court.

The substance of the ground on which the sale to *Fisher* is sought to be set aside is, that he made the purchase for the benefit of the heirs of the deceased, and so proclaimed to the persons attending the sale, and who would have bid thereon but for such statements; and, also, that he made false and fraudulent representations in respect to the portion which had been assigned to the widow as her dower in the premises, by which persons were dissuaded from purchasing, and competition prevented. *Vide*, on this subject, *Arnold* v. *Cord*, 16 Ind. 177. The complaint, however, is radically defective, in not showing that the plaintiffs have placed themselves in a position to take advantage of the alleged

fraud, or to enforce the alleged trust. A person entitled to
rescind a contract, on the ground of fraud, must restore to
the other party what has been received, so as to place him
in *statu quo*.

This sale, to be sure, was made by the administrator, and
not by the plaintiffs, but that can make no difference in
principle. The land was liable for the debts of the deceased,
and was sold for the payment of those debts. The plaintiffs
stand in the same situation as if the sale had been made by
them; and before they can set aside the sale to *Fisher*, they
must restore to him the purchase money thus paid. The
same may be said in reference to the trust, arising from the
alleged fact that *Fisher* purchased the land for the benefit
of the plaintiffs. Before such trust can be enforced, the
money invested by *Fisher* must be paid and restored to him.

The complaint does not allege that the plaintiffs have
offered to rescind the contract, or to restore the purchase
money thus invested by *Fisher;* and as it is defective in this
respect, we have not examined whether, had this been done,
the other facts charged would have entitled the plaintiffs to a
rescission, or other relief.

*Per Curiam.*—The judgment below is affirmed, with costs.

*A. L. Robinson*, for the appellants.

*J. G. Jones* and *J. E. Blythe*, for the appellees.