Filed Nov. 2, 1892.

---

No. 15,968.

### IREY ET AL. v. MARKEY ET AL.

STATUTE OF LIMITATIONS.—*Possession under Void Deed.—Color of Title.— Coverture.*—Possession under a void deed is sufficient to give color of title, as against the grantors, and to set in motion the statute of limitations, and the coverture of the appellant, who was the grantor, does not affect the question.

SAME.—*Quieting Title.*—An action to quiet title to land is governed by section 294, R. S. 1881, and must be brought within fifteen years.

From the Huntington Circuit Court.

A. *Taylor*, for appellants.

J. B. *Kenner* and U. S. *Lish*, for appellees.

McBRIDE, C. J.—Suit to quiet title to land and for partition. Two answers remaining in the record as it comes to us are : That the plaintiffs' cause of action did not accrue within fifteen years prior to the commencement of the suit, and that the cause of action did not accrue within twenty years prior thereto. The appellants were plaintiffs below, and by way of reply pleaded substantially the following facts : That on the 2d day of September, 1861, one Amos Parrett died intestate, owning the land in controversy. He left surviving him the appellant, who was his widow, and several children, who still survive. Administration was had of his estate, and the undivided two-thirds of the land was sold by order of court to pay debts of the estate, the deed being delivered to the purchaser October 1st, 1864. Prior to the sale the widow was married to her co-appellant, Jonah Irey, and has ever since been and still is his wife. After such marriage she, with her said husband, assumed to sell the undivided one-third of the land which descended to her as such widow, and on the 14th day of October, 1864, they together executed a deed therefor to one Aaron McKinney, who was also the purchaser of the undivided two-thirds at the administrator's sale. McKinney entered into possession of the land under the two deeds. The appellee is the grantee of McKinney, and is in possession. The possession of McKinney and of the appellee has been continuous since October 14th, 1864, the date of the appellants' deed for the undivided one-third of the land.

The appellants contend, as we understand them, that the deed for the undivided one-third, being executed in violation of the statute, was void, and that no rights could be acquired

under it; that the appellant Mary is, notwithstanding its execution, still owner of the undivided one-third, and tenant in common with the appellee ; that the possession has been merely the possession of a co-tenant, and not adverse.

Assuming that the deed was void, possession having been taken under it, it was sufficient to give color of title as against the grantors, and to set in motion the statute of limitations.

The coverture of the appellant does not affect the question, as she has at all times, since the execution of the deed, been empowered by statute to sue in her own name, and alone, in all cases where the action concerned her separate property. 2 G. & H. 41 (R. S. 1881, section 254) ; and, since the revision of the statutes in 1881, coverture has not been a "legal disability."

An action to quiet the title to land is governed by the provisions of section 294, R. S. 1881, and must be brought within fifteen years. *Caress* v. *Foster,* 62 Ind. 145; *Detwiler* v. *Schultheis,* 122 Ind. 155.

The reply failed to show any fact sufficient to avoid the answer. Of course, if it was not sufficient to avoid the answer of the fifteen years' statute, it was for the same reasons bad as to that pleading the twenty years' statute.

There is no error in the record.

Judgment affirmed, with costs.

