Fisher et al. v. Bush.

Filed December 22, 1892.

---

No. 15,929.

FISHER ET AL. v. BUSH.

STATUTE OF LIMITATION.—*Right to Plead.*—*Averment in Complaint Can Not Affect.*—*Five Years Statute.*—*Administrator's Sale.*—*Action to Set Aside.*— In an action to set aside an administrator's sale of real estate, an averment in the complaint, of the date when the plaintiff became twenty-one years of age, is surplusage, and can not affect the right of the defendant

to set up in answer the statute of limitation; and, in such case, the five years statute being pleaded and governing, a demurrer to it should have been overruled.

BILL OF EXCEPTIONS. —*Filing Previous to Day Fixed by Court.—Effect.—* Where a day is fixed by the court, on which to file a bill of exceptions, and the bill is filed on the day previous, the bill is seasonably filed, and does not have the same effect as if it had been filed after the time allowed.

ADMINISTRATOR'S SALE.—*Void.—Record. — Constructive Notice.—Subsequent Purchasers.—Attorney and Client.*—Where an action was brought to set aside an administrator's sale of real estate as void, and the record shows that the firm of O'Brien and Graham, acting as attorneys for said administrator, procured an order for the sale of said real estate, and that when sold, said real estate was purchased by one Robert Graham, the record was sufficient to put subsequent purchasers on inquiry, and was constructive notice of the illegality of. the sale, said Robert Graham being a member of the said firm of O'Brien and Graham.

SAME.— *Void.—Action to Set Aside.— What is Required of Plaintiff.*—Where an action is brought to set aside a void administrator's sale of land, the plaintiff is not entitled to the relief demanded until he accounts for the amount paid out of the proceeds of said sale on liabilities of said estate, for which the land was liable.

NOTICE.—*Constructive.—Record.— Void Administrator's Sale.—Subsequent Purchaser.*—A record of an illegal sale by an administrator is sufficient to amount to constructive notice of such illegality, when the connection between the facts disclosed by the record and the facts to be discovered are such that the former may be said to furnish a reasonable and natural clew to the latter.

From the Hamilton Circuit Court.

*T. J. Kane, R. R. Stephenson, T. P. Davis* and *W. R. Fertig,* for appellants.

*W. S. Christian,* for appellee.

OLDS, J.—This is an action brought by the appellee against the appellants to set aside an administrator's sale of real estate. The complaint is in three paragraphs, all substantially alike, except an omission in the first and second paragraphs. A demurrer was addressed to each paragraph of the complaint and overruled, and exceptions reserved. ' William J. Passwater died the owner of the land in question, and Cassandra Bush, daughter of the

deceased, became the owner of the undivided two-fifteenths of said real estate by descent from her father, and she died and the same descended to the appellee and her father in equal parts. Joshua J. Cottingham was duly appointed and qualified as administrator of the estate of said William J. Passwater, deceased, and in 1871 filed his petition in the Common Pleas Court of Hamilton county, and obtained an order for the sale of the land in question. The administrator gave bond, and the proceedings for the sale of the land were regular.

O'Brien and Graham were the attorneys of the administrator and appeared for him, and, in their firm name, filed a petition for the administrator and obtained the order for the sale of the land. The land was sold in pursuance of the order, and Robert Graham, of the firm of O'Brien and Graham, one of the attorneys of the administrator, purchased the land, at such administrator's sale, in his own name. The sale was reported and confirmed, and the purchaser conveyed the land to the administrator, and the appellant, John W. Fisher, became the owner of the land by mesne conveyances from Cottingham and others for value. These facts are alleged in each paragraph of the complaint, and it is further alleged that no consideration whatever passed from Graham to the administrator, and that appellee has received nothing whatever on account of the sale of the land. It is further alleged that the appellants, and all parties through whom they claim had knowledge and notice, that no consideration whatever passed between the said administrator and his attorney on account of the sale of the land.

The third paragraph of complaint, we think, states a good cause of action. It avers that the sale by the administrator to his attorney was without any consideration whatever, which fact appellant and all persons through whom he claims had knowledge and notice of the fact, and that the appellee had received nothing whatever from the sale.

These facts show that appellee had received nothing to account for; that the sale was invalid, and that the purchasers knew it.

The first paragraph of the complaint, as it appears in the record, does not describe any definite interest in the real estate. It is stated in this paragraph that the mother of the appellee departed this life intestate, the owner of the undivided part in value of the real estate, describing it, leaving the appellee and her father her only heirs at law, but omitting to state what portion she owned. This renders the first paragraph bad.

The second paragraph is also defective on account of an insufficient description of the real estate. It alleges that the mother owned the undivided two-fifteenths of a part of the real estate. The court erred in overruling the demurrer to the first and second paragraphs of complaint.

The appellants answered in five paragraphs. The first was a general denial. A demurrer was filed by the appellee to each of the paragraphs of answer, except the first, and was sustained as to the third, fourth and fifth paragraphs, and exceptions were reserved. The paragraphs of answer to which demurrers were sustained pleaded the statutes of limitation. The third pleaded the five years statute; the fourth pleaded the fifteen years statute, and the fifth pleaded the twenty years statute of limitation. In support of the rulings in sustaining the demurrers, it 'is urged that the rulings are correct, for the reason that it is alleged in the complaint that the appellee became twenty-one years of age on a certain date, which is less than two years prior to the date of the filing of the complaint, the time given her by section 296, R. S. 1881, to bring the action after the disability is removed, and the date of her majority being stated, the defenses pleaded might have been made under the answer of general denial.

The fact that the date when appellee became twenty-one years of age is averred in the complaint did not prevent

the appellant from pleading the statute of limitation. It was an unnecessary averment in the complaint, and if the averment rendered an answer of the statute of limitation bad, and it should transpire that the date was incorrectly stated in the complaint, then the answering party would be deprived of his defense, unless he could make it under some other paragraph of his answer, but even if the same defenses might have been made under the general denial, this did not preclude the right of filing a special answer setting up the statute of limitation, though in such case it might not be error to sustain a demurrer to such special answer. This case, however, is, as we interpret such paragraph of the complaint, an action by the appellee to set aside an administrator's sale and have her interest declared in the land. It is not an action, in the strict sense, to recover the possession of real estate or to quiet title to the same, and from the judgment it appears that the view we take of it is in harmony with that taken by the trial court. The action is to recover real estate sold by an administrator under an order of court, specially directing the sale, and the time for the bringing of the action is limited by the fourth subdivision of section 293, R. S. 1881. It has been held that such actions are barred in five years, though the sale be absolutely void. *Davidson* v. *Bates*, 111 Ind. 391. Valid sales require no protection by statutes of limitation. *Irey* v. *Markey*, 132 Ind. 546. It is to the illegal and void sales that statutes of limitation are intended to apply. The court erred in sustaining the demurrer to the third paragraph of answer. The five years statute being pleaded and governing in the case, there was no available error in sustaining the demurrer to the paragraphs pleading the fifteen and twenty years statute of limitations. Appellant, having the right to make his defense under the five years statute, was not harmed by the ruling sustaining the demurrer to the other answer.

The next question is presented by the overruling of the

motion for new trial, which relates to the sufficiency of the evidence to support the finding, but it is contended on behalf of the appellee that the bill of exceptions containing the evidence is not properly in the record, for the reason that the record shows that the motion for a new trial was filed, overruled and excepted to, and leave given to file the bill of exceptions on the 3d day of June, 1890, and that the bill was filed on the 2d day of June, 1890; that it contains no certificate of the judge, that it contains all the evidence given at the trial, and that it was not filed within the time allowed, as it was filed previous to the day fixed by the court, and is no more a part of the record than if it was filed a day after the day fixed for the filing. We can not agree with the counsel's theory of the record. The record shows that in connection with the order overruling the motion for a new trial, and as a part of the same entry, the appellant excepted, and at the trial presented their bill of exceptions, which was duly signed by the court, filed by the clerk, and is in the words and figures following, to wit: And then the bill is set out, and over the judge's signature contains the statement that it was all the evidence given in the cause, and is properly certified and signed by the judge.

Two questions are presented as to the sufficiency of the evidence. It is agreed by the parties as a fact that all the knowledge the appellant and other purchasers for value through whom the appellant, John W. Fisher, claimed title was such as was conveyed by the record, and it is contended on behalf of the appellant that as the record only showed that the firm of O'Brien and Graham were the attorneys of the administrator and appeared for him as his attorneys and obtained the order for the sale of the real estate, the christian name of Graham not appearing in the record, and the sale being made to said Graham in the name of Robert Graham, the record did not convey and charge the subsequent purchasers for value with

notice of the fact that Robert Graham, the purchaser, was the same person who was a member of the firm of O'Brien and Graham, and one of the attorneys of the administrator in procuring the order of sale, and that the, sale was, on that account, illegal.

We think the information contained in the record of the sale was such as to put subsequent purchasers on inquiry, and, if the inquiry had been pursued, would have unmistakably led to a discovery of the truth which rendered the sale illegal, and if so the purchasers were charged with constructive notice. The connection between the facts disclosed by the record and the further facts to be discovered were such as that the former may be said to furnish a clue, a reasonable and natural clue, to the latter. In the case of *Johnson* v. *Hess, sheriff,* 126 Ind. 298, this court said: " If the information which it conveys, or the inquiry which it suggests will, if pursued, unmistakably lead to a discovery of the truth, then there is constructive notice of the title or encumbrance, otherwise there is no such notice."

The same opinion contains an extract from the opinion in *Birdsall* v. *Russell,* 29 N. Y. 220, and appeared in the case of *Jones* v. *McNarrin,* 68 Me. 334, in which, in speaking of constructive notice, it is said: " There must appear to be in the matter of the case such a connection between the facts discovered and the further facts to be discovered, that the former may be said to furnish a clue— a reasonable and natural clue—to the latter." This doctrine we think applicable to and decisive of this case, for in the same record there appears, as one of the attorneys of the administrator, a party by the name of Graham, who is a member of a law firm, and the name of the purchaser as Robert Graham. An inquiry as to the relation the attorney has to the purchaser would with certainty give the information that they were one and the same person. The names thus appearing in the same record certainly ought

to put a party on the inquiry. See authorities cited in *Johnson* v. *Hess, supra.*

The further contention is made as to the insufficiency of the evidence. It appears as an agreed fact in the record that after the alleged sale the administrator charged him-self as such administrator with $500, the purchase price he claimed to have received from the sale of the land, and that he showed that he had paid indebtedness, reducing the amount in his hands to $290 in 1875, which indebtedness so paid by him was said Cassandra Bush's (mother of appellee) portion of the debts of said decedent, Passwater; that there was $290 in his showing left in his hands that he should have paid over to the heirs of Cassandra Bush, and that he has failed to pay it over, and it is contended by counsel for appellant that the appellee is not entitled to have the sale set aside, until she accounts for the amount paid out on account, for which the real estate so pretended to be sold was liable. This contention of the appellant, we think, is correct and supported by authority.

The administrator made a sale (true, he made it to his attorney), a sale he had no legal right to make, but he did make it and it was confirmed by the court, and he charged himself with the amount of the sale, and took a reconveyance of the land to himself in payment of the same, and then paid out $210 on debts for which the land was liable, and which appellee and her father, the heirs of Cassandra Bush, got the benefit of by discharging the debts for which the land was liable, and equity and good conscience require them to repay, or at least offer to do so, before having the sale set aside.

In *Shepherd* v. *Fisher,* 17 Ind. 229, in speaking of an illegal sale by an administrator, this court says: "This sale, to be sure, was made by the administrator, and not by the plaintiffs, but that can make no difference in principle. The land was liable for the debts of the deceased, and was sold for the payment of those debts. The plaint-

iffs stand in the same situation as if the sale had been made by them; and before they can set aside the sale to *Fisher* they must restore to him the purchase money thus paid. The same may be said in reference to the trust, arising from the alleged fact that *Fisher* purchased the land for the benefit of the plaintiffs. Before such trust can be enforced, the money invested by *Fisher* must be paid and restored to him." That was a case where it was sought to set aside the sale for fraud. There can be no difference in a case of actual and legal fraud. Nor is there any difference in principle, whether the heirs themselves received the money or whether the money was paid in satisfaction of a debt for which the land was liable. If in either case the heirs desire to set aside the sale, it is but justice and equity that they should account for and repay the amount which has been paid to them, or which they have received the benefit of. See Freeman on Void Judicial Sales, section 53, and authorities there cited.

The conclusions we have reached lead to a reversal of the judgment.

Judgment reversed, with instructions to the Circuit Court to proceed in accordance with this opinion.

Filed December 21, 1892.