## SIMON ET AL. *v.* RATHFEN ET AL.

[No. 22,824.    Filed December 15, 1915.]

1.  HUSBAND AND WIFE.—*Surviving Wife.—Interest in Realty of De-
ceased Husband.—Statutes.—Conveyance During Subsequent Cover-
ture.—Rights of Children by Previous Marriage.*—Under §3015
Burns 1914, §2484 R. S. 1881, providing that if a widow shall re-
marry holding real estate in virtue of her previous marriage, and
there be a child or children or their descendants alive by such pre-
vious marriage, such widow may not during such second or sub-
sequent marriage alienate such real estate, and that on her death
during such second or subsequent marriage such real estate shall
go to the children of such previous marriage, a deed to real estate
so acquired executed during such second or subsequent coverture is
void, but the children or their descendants of such previous mar-
riage are not vested with any interest in property acquired by their
mother in virtue of such previous marriage, and can acquire no in-
terest by virtue of the statute except in the contingency of her death
during coverture, since the estate taken by a surviving wife is a
fee simple qualified only to the extent of precluding a conveyance
by her during a subsequent marriage.  p. 96.

2.  HUSBAND AND WIFE.—*Surviving Wife.—Interest in Realty of De-
ceased Husband.—Conveyance During Subsequent Coverture.—
Rights of Children by Previous Marriage.—Statute of Limitations.—*
The deed for land held in virtue of a previous marriage made by the
surviving wife during her subsequent marriage, though void, is
sufficient when coupled with possession to give color of title and set
in motion the statute of limitations, and, since the children of a
previous marriage can acquire no interest under §3015 Burns 1914,
§2484 R. S. 1881, in lands held by their mother in virtue of such
previous marriage, except in the event of her death during a sub-
sequent coverture, and can inherit from her only by virtue of the
statute of descent (§2920 Burns 1914, §2467 R. S. 1881), under
which they may inherit in equal proportions such property as she
owns at the time of her death, the children of a previous marriage,
whose mother survived her subsequent marriage and was barred

by the statute of limitations from reclaiming land derived through the previous marriage and conveyed during her subsequent marriage, derived no interest therein either under §3015 or §2920 Burns 1914. p. 98.

From Wells Circuit Court; *William H. Eichhorn*, Judge.

Action by Aaron Simon and others against William A. Rathfen and others. From a judgment for defendants, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Alvah Taylor* and *Newberger, Richards, Simon & Davis*, for appellants.

*C. K. Lucas*, for appellees.

SPENCER, J.—On September 2, 1861, one Amos Parrott died intestate in Huntington County, Indiana, the owner and in possession of certain real estate situated in Wabash and Huntington counties. He left as his only heirs at law a widow, Mary, and six children. On November 13, 1863, the widow married one Jonah Irey, and they lived together as husband and wife until his death in 1902. No children were born to this marriage, and at her death, intestate, on January 3, 1907, Mary Irey left as her only heirs at law her said six children by Amos Parrott. On October 16, 1861, Mary Parrott, the widow, and one Lewis Shelley were duly appointed as administrators of the estate of Amos Parrott and on October 5, 1863, they filed in the court of common pleas of Huntington County a petition to sell real estate located in said county for the payment of debts. Pursuant to this petition the property was sold under order of court to one Aaron McKinney and the proper deed was executed to him. The widow filed her consent to the sale of the property and on October 14, 1864, as Mary

Irey, she conveyed said real estate by a quitclaim deed, in which her husband joined, to said McKinney, who thereupon took possession of the land and claimed to be the owner thereof in fee simple. Subsequently, by *mesne* conveyances, the property passed to William A. Rathfen and David C. Thomas, two of the appellees herein, who are now in possession of the same. After the death of their mother on January 3, 1907, the children of Amos and Mary Parrott conveyed by quitclaim deeds all of their interest in said land to the appellants herein, who, on December 29, 1908, instituted this action to establish their title to one-third of said real estate and to have partition thereof.

Section 3015 Burns 1914, §2484 R. S. 1881, provides that "If a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, and there be a child or children or their descendants alive by such marriage, such widow may not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." Under this statute it is contended that the quitclaim deed from Mary Irey and Jonah Irey, her husband, to McKinney was wholly void and served to convey to appellees' remote grantor no title to the undivided one-third interest in the property which was inherited by Mary Irey from her first husband; that the title to said one-third interest remained in Mary Irey until her death and then passed under the statute to her six children, who conveyed the same to appellants. There can be no doubt that the deed in question was void.

*Kemery* v. *Zeigler* (1912), 176 Ind. 660, 663, 96
N. E. 950, and cases cited. But it does not neces-
sarily follow that appellants' grantors inherited any
interest in the property which said deed assumed
to convey. Section 3015, *supra*, does not *vest* in
the children of a previous marriage any interest in
property which their mother holds in virtue of such
marriage. She takes the fee simple estate, qualified
only to the extent that if she remarries a second
or subsequent time, she may not alienate such real
estate during the second or subsequent coverture.
The statute further directs that in the event she
should die during her second or subsequent cover-
ture, the property thus inherited from her former
husband shall pass to their children, if any. The
evident purpose of this provision is to prevent the
inheritance by a second or subsequent husband of
property which his deceased wife has received from
a former husband as against children or descen-
dants of the previous marriage. But it is only in the
event that their mother dies during the second or
subsequent coverture that such children can ac-
quire any rights under this statute. As was said
by this court in the case of *Irey* v. *Mater* (1893),
134 Ind. 238, 248, 33 N. E. 1018, which involved
a part of the lands owned by Amos Parrott at the
time of his death: "The interests of such children
will not become consummated until the happening
of the event provided for in section 2484 R. S. 1881,
limiting the right of the widow of any decedent to
convey during a second coverture, and, in the event of
her death during such second coverture casting such
property as she received in virtue of her former mar-
riage upon the children of such former marriage.
If the widow of Amos Parrott dies during her second
or subsequent coverture, the one-third of said land

so received by her in virtue of her marriage with Parrott will descend to his children, without regard to any disposition she may have attempted to make of it during such second or subsequent coverture." Mrs. Irey, however, survived her second husband, and as she did not marry again, the statute here under consideration does not control the disposition of her estate or any part thereof. The inheritance of appellants' grantors, as the sole 2. heirs-at-law of their mother, is governed by §2990 Burns 1914, §2467 R. S. 1881, and under that statute they inherited in equal proportions such property as she owned at the time of her death. While the deed executed by Mary Irey and her husband was invalid, yet possession under that deed was sufficient to give color of title as against the grantors and to set in motion the statute of limitations. That is the express decision of this court in *Irey* v. *Markey* (1892), 132 Ind. 546, 32 N. E. 309, an action in which Mrs. Irey and her husband unsuccessfully sought to recover possession of the property now in controversy. The operation of the statute of limitations served to bar Mrs. Irey from asserting any title to the land and vested the title in the occupying claimants, subject to the contingency that her death during coverture would authorize a recovery on the part of her children under §3015, *supra.* As she survived her second husband and died a widow, that statute could not operate, and as her own title to the property had been cut off by the statute of limitations, no interest therein could pass to her heirs under the law of descent.

The judgment of the trial court is affirmed.

NOTE.—Reported in 110 N. E. 679. As to widow as heir, see 112 Am. St. 1024. On a quitclaim deed as color of title for purposes of adverse possession, see 4 L. R. A. (N. S.) 776. See, also, under (1) 14 Cyc 75, 78; (2) 14 Cyc 78.