Rupert v. Morton and Others.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*N. W. Gordon* and *H. D. Thompson*, for the appellant.

### RUPERT v. MORTON and Others.

Real estate is first mortgaged to secure school funds, and then to A to secure a debt, and then B recovered a judgment against the mortgagor, and, on an execution issued thereon, had the real estate sold, and became himself the purchaser. A then sued to foreclose his mortgage, making proper parties, and, pending such suit, the Auditor sold the real estate, on the school fund mortgage, and B became the purchaser. B answered to A's suit, setting up his title from the Auditor. A replied, that at the time of the mortgage-sale, by the Auditor, it was agreed between him and B, that he would suffer the real estate to be sold, and would not bid thereon, but would permit B to purchase the same, and that B would pay the amount of A's mortgage, if the Auditor's sale was held valid in the suit then pending.

*Held*, that said reply was not demurrable, and that B should not be permitted to deprive A of his priority of lien by asserting a legal title thus obtained. 16 Ind. 178. 17 *Id.* 230.

APPEAL from the *Wayne* Common Pleas.

HANNA, J.—Certain lands were mortgaged to the State, to secure school funds borrowed. Afterward, the mortgagor executed another mortgage, to the appellant in this case, to secure the payment of certain notes, as set forth in the same.

At a still later date, *Morton* obtained a judgment against said mortgagor, caused an execution to issue, and, upon a sale thereon, purchased said premises, taking a sheriff's deed, and passing into possession.

Appellant commenced proceedings to foreclose his mortgage, making the mortgagor, *Morton*, the purchaser, and *Martin*, the county auditor, defendants. Pending the suit, the county auditor offered said premises for sale, on said mortgage, to secure the school fund, and *Morton* became the purchaser.

These facts appear in the complaint and answer.

The reply sets up, in substance, that at the said mortgage sale it was agreed, between the plaintiff and *Morton*, that the plaintiff would suffer said property to be sold, and would not bid thereon, but permit *Morton* to purchase the same, and said *Morton* was to pay the amount of the plaintiff's mortgage, if it was held valid in the suit then pending. And second, that *Morton* had fraudulently failed to pay the interest on said school fund mortgage, for the purpose of letting said land go to sale, etc.

Demurrers were sustained to these replies, which present the only points in the case.

It will be observed, that the reply does not aver that the said mortgage was, or had been, held valid, which is presented as an objection to said reply. But the main question made, as to the validity thereof, is based upon the proposition, that it is attempted thereby to set up a trust in real estate, evidenced by a verbal contract only.

On the other hand, it is insisted that *Rupert* and *Morton* were both subsequent incumbrancers, and that the latter should not be permitted to deprive the former of the priority of his right by asserting a legal title obtained in the manner set forth.

We are of opinion that the demurrer was improperly sustained to the first paragraph of the reply, in view of the

decisions in *Arnold* v. *Cord*, 16 Ind. 178, and *Shepherd* v. *Fisher*, 17 Ind. 230; and for this error, it seems the judgment below should be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, etc.

*Nim. H. Johnson* and *Michael Wilson*, for the appellant.

*J. F. Kibbey* and *J. P. Siddall*, for the appellees.