———o———

## Pearson and Others *v.* East.

VENDOR AND PURCHASER.—*Sheriff's Sale.—Trust.—Specific Performance.*—A complaint to compel a conveyance of real estate based the right of the plaintiff to such relief upon two grounds: first, that A., whose executors, widow, and heirs were the defendants, having purchased said real estate at sheriff's sale upon executions against the plaintiff, agreed with the plaintiff at the time of the sale to hold the land in trust for the plaintiff; second, that the plaintiff had re-purchased the land in dispute from A., and had been put in possession of the same with an agreement that he should make improvements, and pay taxes, and repay purchase-money, and he had done such acts in part performance of the contract as entitled him to a decree for specific performance of the contract.

*Held,* that there was no sufficient allegation of a trust.

*Held,* also, that as a case for the specific performance of a contract for the sale and purchase of real estate, it was a good cause of action.

STATUTE OF FRAUDS.—*Continued Possession of Real Estate.*—Upon the question, whether the continued possession of the property, the plaintiff having been in possession as owner up to the date of the contract for the re-purchase, was sufficient—together with valuable improvements made by him upon the land after such contract; making clearings and fencing ground, worth two hundred dollars; building a barn, in value five hundred dollars; setting out fruit trees to the value of seventy-five dollars—to entitle him to a specific performance of the contract, the judges, remaining equally divided since the last term, certified a division of opinion.

APPEAL from Lawrence Circuit Court.

DOWNEY, C. J.—The complaint in this case is against the executors of the will of George A. Thornton, deceased, his widow and heirs at law, the appellants, to compel them to convey to the appellee certain real estate described in the complaint.

It alleges the recovery of certain judgments against the

appellee and others, part of which were in favor of the deceased, and part of them in favor of others, the issuing of executions thereon, the sale of the real estate in question, the purchase thereof by the deceased, and the execution of a conveyance thereof to him by the sheriff.

It then alleges, that when the deceased purchased said real estate, there was an understanding and agreement between him and the appellee that the deceased was to hold in trust for the appellee. That after the sale of said land the deceased agreed with East that if the amount due on the executions should be paid to him, he having got control of them all, he would convey the land back to East; that the deceased put East into possession of the land under this contract, with the agreement that he should make improvements and pay the taxes on the land, and that he has continued in possession ever since, and that he has made improvements, with the knowledge of the deceased, and paid the taxes; that East has fully paid off the amount of the executions, and has demanded a deed of the executors, who have power by the will to convey, but that they have refused to make a deed.

Demurrers were filed by all the defendants to the complaint, which were overruled, and this is the first alleged error.

So far as the complaint attempts to set up a trust, it seems to us that it is defective. It will be seen that it does not aver any consideration for the agreement. It is *nudum pactum*. It does not set forth any facts from which the court could determine the nature of the trust, if there was a consideration alleged. It is not shown to be a case justifying the application of the rule of law laid down in the case of *Arnold* v. *Cord*, 16 Ind. 177.

It is decided by this court that "a person cannot be treated as a trustee who, without fraud, purchases real estate at a sheriff's sale with his own money, and takes the title in his own name upon a verbal agreement to hold it for the benefit of the execution debtor. *Minot* v. *Mitchell*, 30 Ind. 228.

This was a much stronger case than the one at bar, so far as this feature of it is concerned.

But looking at the case as one based on a claim for the specific performance of a contract for the purchase of real estate, we think it contains a valid cause of action. It alleges the contract for the sale of the real estate, in consideration of the payment of the amount due on the executions, the putting of the vendee in possession under the contract, the making of valuable and lasting improvements, and the payment of the purchase-money. For this reason the demurrers were correctly overruled.

The defendants answered by general denial, and, in addition to this, all of them, except the executors, filed a second paragraph as a cross complaint, in which they allege that they are the owners of the real estate and entitled to the possession thereof; that the appellee had possession, and for six years had kept them out of possession, to their damage, etc.

Demurrer to the cross complaint overruled; reply filed; trial by the court, and finding and judgment for the appellee. Motion for a new trial overruled, and exception, putting the evidence in the record.

A question was raised and reserved by exception, during the progress of the trial, as to the propriety of the ruling of the court in allowing parol evidence of the trust attempted to be set up in the complaint. Having held that there was no sufficient allegation of a trust, we must hold that this evidence was improperly admitted. Viewing the complaint as one for specific performance, we are of the opinion that the evidence was not sufficient to justify the finding of the court.

The complaint alleges that the appellee was put into possession under the contract of purchase, but the evidence of the appellee himself shows that he was in possession before and at the time when he alleges the contract to have been made. While it is well settled that the taking of possession under a contract of purchase of real estate is sufficient to

take the case out of the operation of the statute of frauds, it is equally well settled that simply to remain in possession is not sufficient, even though the purchase-money may have been paid and improvements made. Adams Eq. 86, *et seq.;* *Moreland* v. *Lemasters,* 4 Blackf. 383; *Johnston* v. *Glancy,* 4 Blackf. 94.

If the purchaser has made improvements for which he has a valid claim, he can be compensated therefor in damages. *Anthony* v. *Leftwich,* 3 Rand. 238. And if he has paid purchase-money, he may recover it in an action for money had and received.

I think the judgment ought to be reversed.

WORDEN, J.—I concur in the above opinion.

BUSKIRK, J.—The appellee based his right to relief upon two grounds: first, that Thornton held the land in dispute in trust for him; second, that he had re-purchased the land from Thornton, and had done such acts in part performance as entitled him to a decree for specific performance of the contract of purchase. I agree with my brother judges DOWNEY and WORDEN, that a trust could not be created and proved by parol in a case like this; but I am constrained to differ with them upon their view in reference to the right of the appellee to a specific performance of the contract.

Thornton obtained a judgment against James L. East, who was the son of the appellee. Several other persons had judgments against him, and Thornton became the owner of all of them. The appellee was the security of the said James L. East upon such judgment. The lands and personal property of James L. East, and the land of the appellee, were levied upon by executions issued on said judgments, and were sold and purchased by Thornton. The appellee was in the possession of the land in dispute, at the time it was purchased by the decedent. Thornton, on the day he purchased the land, made and entered into an agreement with the appellee, by which it was agreed and understood

that he would reconvey the land to the appellee whenever he was paid the amount of the principal and interest due upon his said judgments. Under and by virtue of this agreement, the appellee retained the possession of his farm, and in pursuance of said agreement paid to the decedent the entire amount coming to him, paid the taxes on the land, made lasting and valuable improvements thereon, with the knowledge and consent of the decedent. It appears from the evidence that the appellee built a barn worth five hundred dollars; cleared and fenced ground worth two hundred dollars; set out fruit trees worth seventy-five dollars, and built a house worth three hundred dollars, making in the aggregate one thousand and seventy-five dollars.

It is conceded that the appellee paid the purchase-money and made lasting and valuable improvements, with the knowledge and consent of the decedent, but it is maintained that the case is not taken out of the operation of the statute of frauds, because the appellee was in possession at the time of the re-purchase, and retained the possession under the said contract. In other words, that the appellee did not take possession under the contract, but continued in possession under such contract. The case of *Johnston* v. *Glancy*, 4 Blackf. 94, is referred to as an authority in support of the position assumed. I do not think that case sustains the position taken by my brethren. That was an action to obtain a specific performance of a parol contract for the purchase of real estate.

This court say: "The ground upon which relief is granted in these cases is fraud; and the great leading principle by which courts are governed is, that there must be some act of performance done that is palpable and evident to the senses of all, an act that can be relied on as certain, about which there can be no misunderstanding, and which does not rest solely in the recollection, understanding, or belief of witnesses, such as absolute and visible possession of the premises, the actual building of houses, or the making of other lasting improvements. But even these acts of

part performance must be done with a direct view of the agreement being performed, and be such acts as could be done with no other view, or the agreement will not be taken out of the statute."

I fully indorse the above doctrine. It is not made to depend upon whether the party took possession or remained in the possession of the premises; but it is based upon the broad ground that the party was in the absolute and visible possession, and made lasting and permanent improvements, that were open and visible to the senses, such as building houses or barns, or clearing and fencing land.

But it is said in the same opinion: "But possession by a tenant, who was in possession of the premises as a tenant at the time of the purchase, and who remains in possession, is not considered a part performance; for a tenant, of course, may continue in possession until he has notice to quit, and therefore the mere act of his continuing in possession amounts to nothing, and will not take the case out of the statute. *Wills* v. *Stradling*, 3 Ves. 378; *Savage* v. *Carroll*, 1 Ball. & Beat. 265; *Anthony* v. *Leftwich*, 3 Rand. 238; 2 Hovend. Fr. 3; Sugd. Vend. 80."

The same doctrine is laid down by Mr. Fry, in his work on Specific Performance, on pages 253 and 254, as applicable to tenants. I have examined a large number of the cases referred to on this point, and I find that the most of them were made to turn upon the fact that the relation of landlord and tenant existed at the time of the purchase. In the case under consideration, that relation never existed between the appellee and the decedent. There was no renting, no agreement to pay rent, and no rent was ever paid.

Mr. Fry states the rule thus: "The principle upon which courts of equity exercise their jurisdiction in decreeing specific performance of parol agreements, accompanied by part performance, is the fraud and injustice which would result from allowing one party to refuse to perform his part, after performance by the other upon the faith of the contract."

The object of the statute of frauds was to prevent frauds

and perjuries. Where there is nothing more than a mere contract of purchase, there can be no specific performance,. because the question of whether there was a contract de-. pends solely upon the testimony of witnesses, and there is a strong temptation to commit perjury and thereby perpetrate a fraud; but where there has been open and visible possession for a number of years, the making of permanent and valuable improvements, the payment of the purchase-money and taxes, open and undisputed acts of ownership, and the repeated promise of the vendor to execute a deed, as in the case under consideration, the party is entitled to a specific performance, because in such a case there is no danger of perjury, and to adopt a different rule would be to encourage fraud, and not to prevent it.

But it is claimed that no wrong would be done to the appellee, because he can be compensated in money. I admit. that he could in part, but not in full. The measure of damages would be the purchase-money and the value of the improvements made. The evidence shows that the land sold for much less than its value. The appellee would lose the difference between the real value of the land and the price at which it was purchased at the sheriff's sale, and,. besides, he would lose any increased value of the lands by reason of his improvements and the general improvements of the country.

In the case of *Montacute* v. *Maxwell*, 1. P. Wms. 618, the Lord Chancellor said: "In cases of fraud, equity should relieve, even against the words of the statute." So I think in this case. The decedent never was, in justice and equity, the owner of the land in dispute. By his agreement he prevented the appellee from redeeming his lands; and now to permit him to take advantage of his own wrong would be a gross fraud, and especially so when full compensation could not be made under the hard rule of the common law.

I am in favor of affirming the judgment of the lower. court.

Vol. XXXVI.—3

PETTIT, J.—After fully considering the opinion of my brothers DOWNEY and WORDEN, and the opinion of my brother BUSKIRK, I am constrained to give my full consent and approval to the opinion of the latter. And I add, that instead of preventing frauds, a reverse ruling would conduce to the perpetration of the grossest frauds.

The judgment is affirmed, with costs.

*E. D. Pearson. A. C. Voris,* and *F. Wilson,* for appellants. *A. B. Carlton,* for appellee.