Teague v. Fowler *et ux.*

---

TEAGUE *v.* FOWLER ET UX.

STATUTE OF FRAUDS.—*Fraud.*—The statute of frauds can not be used as a cover to protect the perpetration of a fraud.

SAME.—*Parol Contract for Conveyance of Land.*—*Specific Performance.*—*Principal and Surety.*—To secure his surety, a defaulting administrator and his wife conveyed to the former certain tracts of real estate, in consideration of the verbal promise of such surety to pay a certain amount of such defalcation, and to reconvey one of such tracts of land to such wife. *Held,* in an action by such wife and her husband, against such surety, to compel the latter to make such reconveyance, that such contract is not void by the statute of frauds, and that specific performance thereof can be enforced.

SAME.—*Practice.*—*Pleading Struck Out.*—*Counter-Claim.*—*Pleading.*—In such action, an answer by the defendant consisting of a general denial and special paragraphs was struck out by the court, on motion. *Held,* that such action was erroneous.

*Held,* also, that a counter-claim is proper in such action, alleging that such land had been purchased by such surety at a certain price, and that he had been compelled to pay, of the debts and defalcation of his principal, an amount exceeding the value of such land.

From the Monroe Circuit Court.

| 56 | 569 |
| 124 | 59 |
| 56 | 569 |
| 135 | 142 |
| 136 | 96 |
| 56 | 569 |
| 147 | 686 |
| 56 | 569 |
| 153 | 419 |
| 56 | 569 |
| 158 | 322 |

Teague v. Fowler et ux.

*D. R. Eckles, R. W. Miers, R. A. Fulk, J. F. Pitman* and *E. K. Millen,* for appellant.

*J. W. Buskirk, H. C. Duncan, C. F. McNutt* and *M. C. Hunter,* for appellees.

PERKINS, C. J.—Suit by the appellees against the appellant.

A demurrer to the complaint was overruled, and exception taken.

The complaint seems to have been drawn without any very definite idea, in the mind of the draughtsman, of the principle of law on which it was to be sustained. It probably might not be harmed by being remodelled.

We condense from it the following statement, which we think its allegations justify:

William W. Fowler was administrator upon the estate of Robert Rice, deceased. He became pecuniarily embarrassed, and intemperate. Jacob Teague and William Fowler, the first a brother-in-law, the second the father of said William W. Fowler, were the sureties on the bond of the latter, as administrator of Rice's estate. William W. Fowler then owned a farm, consisting of two eighty-acre tracts of land, on one of which said Fowler then resided with his family, composed of his wife, Margaret A. Fowler, and five young children.

On the 15th day of February, 1870, it was verbally agreed between said Teague and said William W. Fowler and Margaret A. Fowler, that said Teague should pay one-half of said William W. Fowler's defalcation, as administrator of Rice's estate, and certain other specified debts of said Fowler, in consideration for which said Fowler and wife were to convey to Teague the said two eighty-acre tracts of land, one hundred and sixty in all; one of said eighty-acre tracts, viz., the one on which said Fowler resided, to be reconveyed by said Teague to said Margaret, wife of said William W. Fowler.

Teague had the deed prepared, and it was executed by the Fowlers, and thereupon Teague refused to reconvey

to said Margaret the eighty acres, which it was part of the agreement he should convey to her, and this suit is brought to compel such conveyance.

We think the complaint, in connection with much other matter, substantially alleges the foregoing facts; and that, if sustained by proof, they would entitle the appellees to relief:

In the third edition of Browne on the Statute of Frauds, section 441, it is said: 

"A simple illustration of the rule that when the statute of frauds has been used as a cover to a fraud, equity will relieve against the fraud, notwithstanding its provisions, is found in a case reported by Viner, and stated by him to have occurred in Lord Nottingham's time, and to have been the first instance in which any equitable exception to the statute appears.

"There was a verbal agreement for an absolute conveyance of land, and for a defeasance to be executed by the grantee; but he, having obtained the conveyance, refused to execute the defeasance and relied upon the statute; but his plea was overruled, and he was compelled to execute according to his agreement."

See, on this subject, *Arnold* v. *Cord*, 16 Ind. 177; *Shepherd* v. *Fisher*, 17 Ind. 229; *Rupert* v. *Morton*, 19 Ind. 313; *Gwaltney* v. *Wheeler*, 26 Ind. 415; *Pearson* v. *East*, 36 Ind. 27; *Mather* v. *Scoles*, 35 Ind. 1.

The appellant answered in three paragraphs, which answer he denominated a cross-bill. The court struck out the entire answer.

We copy from the record:

"And, upon agreement, the court orders that the cross-bill of the defendant, in these words, to wit:

"'And said defendant denies each and every allegation contained in said complaint. And the said defendant, for further and second paragraph herein, and by way of cross-bill, says, that he purchased of said William W. Fowler the one hundred and sixty acres of land in said complaint,

at seventeen dollars per acre, agreeing to pay a liability which said defendant was as the security of said William W., as administrator of Rice's estate, and pay and satisfy the lien then existing on said lands to the persons and for the amounts contained in a bill of particulars filed herewith, and, in case of any excess is found, to pay that over to said William W. And said defendant says he paid said liens and liabilities, amounting in the whole to three thousand four hundred and twenty-seven dollars and sixty-seven cents, being a sum largely in excess of the price to be paid for the land. And that said William and wife, in the absence of defendant, caused said deed to be written, and he and his wife executed the same, as in accordance with the terms of the contract, and not otherwise. And said defendant prays, that said William W. shall be compelled to answer this cross-bill, and that, upon the trial, he may have judgment for the overplus, and substituted to the right of said creditors as against said land, and for other proper relief.

" 3. And the said defendant says, that there is no note or memorandum in writing of said trust in said complaint mentioned was ever made, and that the same is void in law.

" ' Bill of particulars filed with defendant's cross-bill, as follows, to wit:

" 'Amount paid out by Teague, on debts and liens of land in suit:

| | | | |
|---|---|---:|---:|
| " ' 1. | Amount on estate of Robert Rice . | . | $1,824 | 76 |
| " ' 2. | Note of James W. Cookerly . | . | 114 | 00 |
| " ' 3. | Cost in suit of Thrasher *v.* Fowler | . | 24 | 55 |
| " ' 4. | Paid William Fowler . . . . | . | 984 | 42 |
| " ' 5. | Paid All. Ryors attorney fee in estate of Rice . . . . . . | . | 12 | 50 |
| " ' 6. | Back taxes on land . . . | . | 48 | 15 |
| " ' 7. | Note to Joseph Hight . . | . | 56 | 50 |
| " ' 8. | Note to Jackson Simms . . . | . | 98 | 83 |
| " ' 9. | Clerk and sheriff's costs in attachments | . | 170 | 25 |

Teague *v.* Fowler *et ux.*

| | | | |
|---|---|---|---:|
| " ' 10. | Moses Whaley on note . . . . | | $69 50 |
| " ' 11. | Alfred Thrasher, on attachment | . . | 204 85 |
| " ' 12. | Paid John R. East, attorney in estate | . | 62 50 |
| " ' 13. | Paid judgment of Cookerly *v.* Fowler | . | 50 00 |
| " ' 14. | Cash loaned to W. W. Fowler | . . | 20 00 |
| " ' 15. | Vendor's lien of William Fowler | . . | 353 50 |
| " ' 16. | John W. Whaley, attachment | . . | 149 60 |
| " ' 17. | Paid Paris C. Dunning, attorney in estate of Robert Rice . . . . . | | 110 00 |
| " ' 18. | C. P. Tuley, lien on land . . . | | 59 82 |
| " ' 19. | W. B. Baker & Bro., same . . . | | 94 07 |
| " ' 20. | Cost in above case . . . . . | | 11 37 |
| " ' 21. | Cost in Tuley *v.* Fowler . . . | | 7 51 |

" ' Jacob Teague . . . . . . $4,527 67

"'' Off for cattle of William Fowler . . 1,100 00

$3,427 67 '

" For the reason in said motion set forth, be stricken out. To which order and opinion of the court, in striking out said cross-bill, the defendant excepts, and prays that this his bill of exceptions be signed and sealed and made a part of the record in this cause, which is done accordingly. SOLON TURMAN."

The cause was tried by jury, without an answer, resulting in a verdict, and, over a motion for a new trial, a judgment, for appellees.

The striking out of the answer is assigned for error, as is, also, the overruling of the motion for a new trial.

The court erred in striking out the answer.

The general denial was properly pleaded.

It was a proper case, also, for a counter-claim; and that pleaded was relevant and pertinent. *Port* v. *Williams*, 6 Ind. 219. The appellees, in their complaint, had given their version of the transaction between the parties, in which the suit originated, and claimed certain relief. The appellant, in his answer, denied the accuracy of the

account of the transaction. given by the appellee, and gave a different statement of the facts of said transaction, which statement of facts showed that the appellees were not entitled to the particular relief they asked, but that appellant might be entitled to relief against one or both of the appellees; and he prayed affirmative relief in his counter-claim.

We think this case within the definition of a counter-claim. The statute thus defines it. "A counter-claim is any matter arising out of, or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." 2 R. S. 1876, p. 63, sec. 59.

In this case, there might be no claim to damages to reduce; but the appellant, defendant below, might have a cause of action against the plaintiffs to quiet title, and for other relief. *Gilpin* v. *Wilson*, 53 Ind. 443, is in point. In the counter-claim filed, the defendant asked relief by way of subrogation. We need not decide here, that the counter-claim filed was sufficient, in its allegations, to make it a good pleading. It may be made good before another trial, and should not have been struck out on motion. *Clark* v. *The Jeffersonville, etc., R. R. Co.,* 44 Ind. 248.

As the case must go back for further proceedings, in which the pleadings may be remodelled, it is not expedient that we notice other points made in the case.

The judgment is reversed, with costs,. and the cause remanded, for further proceedings, in accordance with this opinion.

Petition for a rehearing overruled.