IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM AND NOVEMBER TERM, 1919,
IN THE ONE HUNDRED THIRD YEAR
OF THE STATE.

---

## KING *v.* HARTLEY.

[No. 9,880. Filed June 26, 1919.]

1. APPEAL.—*Review.—Findings.—Conflicting Evidence.*—The court on appeal will not disturb the findings of the trial court where the evidence is conflicting, unless the decision is contrary to law. p. 5.

2. FRAUDS, STATUTE OF.—*Oral Agreement to Buy Land.—Possession.*—Where a tenant in common in possession of land orally agreed to purchase the interest of a cotenant, the mere fact that he remained in possession was insufficient to take the case out of the statute of frauds, since there was no taking or change of possession under the terms of the contract. p. 5.

3. FRAUDS, STATUTE OF.—*Oral Agreement to Buy Land.—Payment of Purchase Price.*—Payment of the purchase price is not sufficient part performance to take out of the operation of the statute of frauds an oral contract for the sale of land. p. 9.

4. PARTITION.—*Action by Tenant in Common.—Parol Contract for Sale of Land.*—An action by a tenant in common against a cotenant for partition of the land cannot be defeated by proof that plaintiff had orally agreed to sell her interest to such cotenant in possession and that the purchase price had been paid, where such contract could not be enforced because it was within the statute of frauds. p. 9.

From Ripley Circuit Court; *Robert A. Creigmile,* Judge.

Action by Grace M. King against Theophilus R. Hartley, who filed a cross-complaint. From a judgment for defendant on his cross-complaint, the plaintiff appeals. *Reversed.*

*Francis M. Thompson, Thomas E. Willson, Romney L. Willson* and *Russell Willson,* for appellant.

*James H. Connelley* and *Korbly & New,* for appellee.

McMAHAN, J.—Appellant commenced this action for partition of certain real estate. According to the allegations of the complaint, Sarah E. Hartley died intestate in 1885, the owner of the real estate in controversy, and left as her sole and only heirs the appellee, Theophilus R. Hartley, and certain named children, including appellant. Some of the children had conveyed their interest in the real estate to their father, Theophilus, and all who had not so conveyed were made defendants. The appellee filed an answer in four paragraphs; the first was a general denial, demurrers were sustained to the second and fourth, and the third alleged that appellant had agreed to sell her interest in said real estate to appellee by an agreement entered into in 1904; that thereafter appellee fully paid appellant the agreed price, and that appellee since said agreement was entered into has had exclusive possession of appellant's interest in said real estate, and, relying on said agreement, appellee has made valuable improvements upon said real estate.

The appellee also filed a cross-complaint to quiet his title to the whole of the real estate described in appellant's complaint against the appellant, alleging that Sarah E. Hartley died the owner of the real

estate, and that appellee, appellant, and the other
children as set out in the complaint were her only
heirs.

It is then alleged that appellant agreed to sell her
interest in said real estate to appellee, that he paid
her in full, and entered into possession and improved
the same substantially as set out in the third para-
graph of answer. Appellant filed demurrers to the
third paragraph of answer and to the cross-com-
plaint, which were overruled and exception saved.
Appellant filed a general denial to the third para-
graph of answer, and also to the cross-complaint.
The cause was tried by the court. There was a find-
ing against appellant on her complaint and in favor
of appellee on his cross-complaint; that his title to
the whole of said real estate should be quieted in him,
and a decree was rendered accordingly.

Appellant filed a motion for a new trial, which was
overruled and exception saved. The motion for a
new trial challenges that decision of the court on the
grounds that it is not sustained by sufficient evidence
and is contrary to law.

The evidence shows without conflict that Sarah E.
Hartley died intestate in 1885, the owner of a fifty-
six-acre farm in Ripley county, and left as her sole
heirs the appellee, who was her husband, and five chil-
dren, of whom appellant was one. All of said chil-
dren, except appellant, conveyed all their interest in
said real estate to appellee before the commencement
of this action. Appellant was between two and three
years old when her mother died. The appellee and
his five children lived together on the farm after the
death of his wife. Appellant left home in 1900 and
went to Cincinnati, and never thereafter made her

home with her father on the farm, although she returned there for short visits, during which she stayed with her brothers and sisters. After the death of his wife appellee took the active charge and control of the farm, which, when this action was begun, was worth about $6,000.

The evidence relative to the alleged agreement of appellant to convey her interest in the real estate to appellee is conflicting. Appellant denies that she ever made such an agreement, while appellee testified that on December 31, 1903, he talked to appellant concerning the purchase of her interest in the farm; that she was twenty-one years old that day; that she said she would let him have her share of the place, and thought she should have $200 for it, which was what the other children were getting for their interests. He then gave her $10, sent her $40 when she was in a hospital in Cincinnati and wrote asking him for money, and sent her $20 in August, 1904, when she got married, telling her that he would send more when she made the deed, but she did not do so. He sent her $50 in September, 1904, and paid her $15 when her husband got hurt, and sent her five dollars in December, 1904, saying that this was the last payment he would make until he got the deed. She afterwards moved to Osgood and said she would make the deed, but never did so, although he paid her the rest in a range and other utensils. He has put $200 worth of improvements on the land, and has paid off a $400 mortgage on the farm. Appellant has lived near the farm, and has never said anything to him about having an interest in the land, although he has been in possession of the land ever since, and has paid each of the other children $200 for their interests. The

day she was twenty-one she said: ''Papa, you give me the money and I will make you the deed when I come out some time.''

Where the evidence is conflicting this court will not disturb the decision of the trial court, unless the decision is contrary to law. Assuming, then, that the facts are as testified to by appellee, we will proceed to ascertain whether the decision of the court is contrary to law.

1.

Appellant contends that one who seeks to hold another to an oral agreement for the sale of real estate, in the face of the statute of frauds, must show possession under the contract; that where the parties to such an agreement are tenants in common there can be no taking possession under the contract so as to take it out of the statute, as the possession by one tenant in common is the possession of all.

2.

In the case of *Waymire* v. *Waymire* (1895), 141 Ind. 164, 40 N. E. 523, the court said: ''The contract being by parol, and for the purchase of real estate, it is clearly within the statute of frauds. In order to take it out of the statute it must be alleged that the possession was taken under the contract. It is not enough that possession was taken, it must be taken under the verbal contract, and pursuant to its provisions. * * * The averment on that point in the first paragraph is, 'and went into possession of the same,'' and in the third paragraph is, 'that he immediately moved upon and cleared up, put buildings upon, and other valuable and lasting improvements upon said land.' These averments fall very far short of alleging that appellant took possession of the land under or pursuant to the terms of the

contract, * * *. It is true, further on in the first paragraph it is averred that he 'has remained in possession of said real estate under said purchase ever since 1878.' But a mere remaining in possession under the terms of a parol contract of purchase of land is not sufficient to take the contract out of the statute of frauds. The possession must be taken or delivered under and pursuant to the terms of the verbal contract of purchase to take the case out of the operation of the statute of frauds.''

In *Carlisle* v. *Brennan* (1879), 67 Ind. 12, the defendant sought by cross-complaint to enforce specific performance of a parol contract for the conveyance of land. The cross-complainant was in possession of the land at the time the alleged contract was made. She paid the contract price relying on a parol contract. But the court said: ''There was no change of the possession of the real estate, no giving or taking possession thereof, under or pursuant to the alleged agreement or contract of sale. No change of possession was alleged; and, indeed, we think that the allegations of the cross-complaint affirmatively show that there was, in fact, no change of possession consequent upon, or pursuant to, such alleged agreement or contract of sale. For, as we have seen, it was alleged in her cross-complaint, that the appellee Ellen Brennan was in the possession of the real estate, when the appellant agreed and contracted to sell her the property. It follows, therefore, that the only part performance, if such it can be called, of the alleged agreement or contract of sale by the appellee Ellen Brennan, was the naked payment of the sums of money, which were to be paid by her, as she alleged, as the purchase-money of the real estate in contro-

versy. Says Mr. Browne, in his treatise on the construction of the Statute of Frauds, on the point now under consideration: 'And now, by an unbroken current of authorities, running through many years, it is settled too firmly for question, that payment, even to the whole amount of the purchase-money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract.' Section 461. This is the law in this State on the question we are now considering, as settled and declared in and by a number of the decisions of this court." See, also, *Johns* v. *Johns* (1879), 67 Ind. 440.

In *Pearson* v. *East* (1871), 36 Ind. 27, it was said: "While it is well settled that the taking of possession under a contract of purchase of real estate is sufficient to take the case out of the operation of the statute of frauds, it is equally well settled that simply to remain in possession is not sufficient, even though the purchase money may have been paid and improvements made."

In *Green* v. *Groves* (1887), 109 Ind. 519, 10 N. E. 401, it was averred in the complaint that at the time the contract was made and ever since until the institution of the suit the plaintiff was, and had been, in possession of the lots. The court said: "It thus appears that the possession was not given or taken, in pursuance or by reason of the contract. The possession, therefore, was not a part performance of the contract, so as to take it without the statute of frauds, because it preceded the contract. * * * It is said by a standard author: 'The general principle is, that the act of part performance must have reference to the contract, be in execution of it, and be an act which would be prejudicial to the party seeking perform-

ance, if the agreement were not enforced. The act performed should tend to show, not only that there has been an agreement, but also to throw light on the nature of that agreement, so that neither the fact of an agreement, nor even the nature of that agreement, rests solely upon parol evidence, the parol evidence being auxiliary to the proof afforded by the circumstances of the case itself.' Waterman, Specific Performance of Contracts, section 261. Neither the simple payment of a sum of money, nor, what is equivalent, payment in something else, or in some other way, nor the continuation of possession, existing prior to the alleged contract, tends to throw light on the nature of the contract, or to show that there was such a contract.''

In *Riley* v. *Haworth* (1903), 30 Ind. App. 377, the court said: ''The payment of a part or all of the purchase money is not such part performance as will take a parol contract for the sale of land out of the statute.   *   *   *   It is said that the important acts which constitute part performance are actual, open possession of the land, or permanent and valuable improvements made on the land, or these two combined.   *   *   *   But in order that possession may remove the case from the effects of the statute there must be an open and absolute possession taken under the contract, and with a view to its performance. The possession must be yielded by one party, and accepted by the other, as done in performance of the contract. If possession precedes the contract, or if the contract be with a tenant already in possession, and who continues in possession afterwards, the contract is within the statute, as in neither case was there a change of possession in execution of the contract.''

Payment of the purchase price is not sufficient part performance to take the cause out of the operation of the statute of frauds. *Johnston* v. *Glancy* (1835), 4 Blackf. 94, 28 Am. Dec. 45; *Mather* v. *Scoles* (1870), 35 Ind. 1, 5; *Suman* v. *Springate* (1879), 67 Ind. 115, 123; *Green* v. *Groves, supra; Riley* v. *Haworth, supra.*

Appellee practically concedes the law to be as hereinbefore stated, and that its application would defeat an effort on appellee's part to enforce the specific performance of the contract, but he claims the contract can be used as a matter of defense, even though it cannot be used as a basis of affirmative action.

In *Johnson* v. *Pontious* (1889), 118 Ind. 270, 20 N. E. 792, the appellee defended the action, which was for partition upon the theory that he was the equitable owner of the land through a parol contract of purchase from his cotenants. He claimed to have made a parol contract for the land, to have entered into possession under the contract, and to have made valuable and lasting improvements thereon. The court held that the appellee could not defeat appellant's right to a partition by showing an equitable title, saying: "Unless there was a contract, possession taken under it, and a payment of the purchase money, the appellee held no equitable title and could not successfully defend the action on the ground of equitable ownership."

It is clear that the appellee could not, under the facts, set up the alleged parol contract for the purchase of appellant's interest in the real estate as a defense.

10 APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Senour, Admx.—71 Ind. App. 10.

The court also erred in entering the decree quieting appellee's title to the real estate in controversy.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.