## Meyer Candy Company v. Benninghof.

[No. 11,035.   Filed December 2, 1921.   Rehearing denied February 24, 1922.   Transfer denied April 21, 1922.]

Frauds, Statute of.—*Oral Lease of Realty for Term of Years.—Part Performance.—Possession of Tenant from Month to Month.—Payment of Increased Rent.*—Where lessee was given notice of termination of a month to month written lease, and the parties verbally agreed to enter into a lease for a term of four years at an increased rental, and it was agreed that a lease should be put in writing, but no writing was ever signed because the lessee objected to some of the provisions embraced in the lease prepared by the lessor, continuance in possession and payment of the increased rent was not such part performance of the verbal agreement as to take it out of the statute of frauds.

From Vanderburgh Probate Court; *Elmer Q. Lockyear*, Judge.

Action by Henry P. Benninghof against the Meyer Candy Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward E. Meyer* and *Daniel H. Ortmeyer*, for appellant.

*Spencer & Spencer*, for appellee.

McMahan, J.—This is an action by appellee against appellant for the possession of certain real estate and for damages for the unlawful detention thereof. The cause was tried by jury and resulted in a verdict that appellee was entitled to the possession of the property and to damages on account of the unlawful detention. Judgment having been rendered in accordance with the verdict, appellant appeals and contends that the court erred in overruling its motion for a new trial.

The facts are in substance as follows: Appellee owns the real estate in controversy. Appellant had been in possession of said real estate for several years as tenant

under a written lease which expired April 1, 1918. On March 20, 1918, the parties, in anticipation of the expiration of the lease on April 1, of that year, executed a written month to month tenancy contract providing for a rental of $125 per month to take effect April 1, 1918, and providing that the lessor could terminate said tenancy by giving the lessee ninety days notice in writing.

Appellant continued in possession under this lease, and on July 29, 1919, appellee gave appellant a written notice terminating the month to month tenancy October 21, 1919. About two weeks later the parties met and agreed orally upon a lease for four years and eight months to run from August 1, 1919, at a rental of $175 per month, it being understood that their agreement should be reduced to writing. Appellee prepared and signed a written lease and submitted it to Mr. Meyer, the secretary of appellant company. Mr. Meyer objected to some of the provisions contained in it, the main objection being to the provision requiring appellant to furnish security for the payment of the rent, and he had his son prepare another copy, in substance the same as the copy prepared by appellee, except no provision was made in it for the giving of security for the payment of the rent. This was rejected by appellee and never signed by any one. Appellee had a third lease drawn, but it was never signed by any one. This copy was drawn some time in October, 1919, and Mr. Meyer was notified on two occasions that it was awaiting his signature, the first notification being made a day or two after it was drawn. Mr. Meyer on behalf of appellant agreed to call and sign it. On October 26, 1919, the lease not having been signed by appellant, appellee notified appellant by letter that the lease would be withdrawn unless accepted within ten days from that date. Some time Christmas, 1919, or a little later Mr. Meyer went to the

office where the lease had been left and asked to sign same but it had been withdrawn by appellee prior to that time. On March 26, 1920, appellee caused a ninety day notice to be served upon appellant terminating the tenancy July 31, 1920. Appellant paid a monthly rental of $175 from August 1, 1919, to August 1, 1920. Appellant having failed to deliver possession pursuant to notice appellee filed his complaint herein for possession.

The nature of the objections made by the parties to the several copies of the proposed written lease prepared for their execution and the changes in the later drafts as made by them are not disclosed by the evidence except that the draft prepared by appellee contained a provision requiring appellant to give security for the payment of the rent, while the draft prepared by appellant did not contain any such provision. Appellee was insisting that Mr. Meyer, the secretary of appellant, should become surety for the payment of the rent. This appears to have been the only serious disagreement as to the terms of the new lease. Mr. Meyer says that he finally agreed to that provision, but appellee says he never was so informed. Whatever the truth may be concerning this matter, appellant made no move to sign the written lease until the last of December, 1919, or the first of January, 1920, which was a month or more after appellee had given notice that the proposition made the preceding August would be withdrawn if the written lease was not signed within ten days, and after appellee had withdrawn the draft which had been left with an agent for appellant to sign and for Mr. Meyer to sign as surety.

It is appellant's contention that the possession of the premises and the payment of increased rent by appellant after August 1, 1919, constitutes such performance as takes the oral lease out of operation of the statute

of frauds and that appellee by accepting the increased rent is estopped from denying the validity of the oral lease.

In *St. Joseph, etc., Co.* v. *Globe, etc., Co.* (1901), 156 Ind. 665, 59 N. E. 995, appellant was the owner of a certain water power created by a dam across the St. Joseph river. There were large brick buildings which had been used in the manufacture of paper lying between the headrace owned by appellant and the river. These buildings were empty, but the flumes connecting them with the headrace and all the water-wheels and machinery in said buildings for manufacturing paper were intact. Appellee contemplated purchasing said buildings. Appellant, with knowledge of such contemplated purchase and desirous of furnishing appellee water to operate the machinery if appellee purchased said buildings, agreed to furnish appellee water from the headrace to be delivered through said flumes, for which appellee agreed to pay a rental of $2,000 yearly. This agreement was reduced to writing but not signed by appellant. Appellee, relying upon the agreement of appellant to execute the written lease, purchased said buildings and the real estate on which they were located and repaired and equipped the same with machinery for the manufacture of paper at an expense of $25,000, took possession thereof and operated said paper mill and paid the rent to appellant for four years in accordance with the agreement between appellant and appellee. It was there held that appellee was entitled to be placed in such position that it could enforce its rights the same as if the lease had been executed by appellant at the proper time, that money expended by appellee on the faith of the agreement to make a lease was sufficient to take the case out of the operation of the statute of frauds, and that specific performance thereof could be enforced.

In *Weaver* v. *Shipley* (1890), 127 Ind. 526, 27 N. E. 146, appellees and another being desirous of procuring ground upon which to erect a tile mill and from which to procure clay to be used in the manufacture of tile entered into an agreement with the owner of certain land whereby the owner of such land agreed to and did lease to them for the term of ten years three several tracts of land lying adjoining and contiguous to each other. At the time of making said lease the parties went upon and over the three tracts so leased and the land so leased was pointed out and agreed upon. The parties reduced said lease to writing and attempted to describe therein said lands. They executed a written lease in which they believed they had sufficiently described each tract of land. After the execution of said lease and in pursuance thereto the lessees entered upon and took possession of all the real estate so pointed out, and with the knowledge and consent of the owner proceeded to and did erect thereon buildings of a permanent nature, constructed fences around the land costing about $2,700. After the erection of the tile mill the lessees began to and ever since had made and sold large quantities of tile with the knowledge and consent of the owner. The description of one of the tracts was not sufficient to identify the land. It was held that possession taken under a written lease failing to sufficiently describe the land leased and the making of valuable improvements thereon was sufficient to take the lease out of the operation of the statute of frauds, and that an injunction would lie to prevent the landlord from interfering with the tenants.

In *Wolke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325, 53 Am. Rep. 495, one Wolke executed a written lease to one Lowry for certain real estate. This lease was recorded and possession taken thereunder by the lessee who later assigned his interest to Tucker, Dunn

and Henderson, they agreeing to perform all the covenants and conditions of the lease. The interest of Tucker was later assigned and transferred to one Fleming who assumed the covenants and agreed to pay the annual rent of $1,200.' The action was against Fleming to collect the rent and it was held: (1) That the assumption of the rent by Fleming was an assumption of a debt and was not within the statute of frauds; (2) that since Fleming had taken possession under the contract and there had been full performance on one side, the case was not within the statute and that Fleming having taken possession of the property and having acquired and retained all he contracted for, could not interpose the statute as a shield to escape liability.

Appellant, while citing the above cases, concedes that they are not directly in point and do not hold that the facts in this case constitute such part performance of the oral lease as will take it out of the operation of the statute of frauds, and that there is no Indiana case directly in point. Our attention however is called to 36 Cyc 663, where it is said: "If a tenant continues in possession after the expiration of his lease, and pays an increased rent, these circumstances, it is held, constitute part performance of the agreement for a new lease; at any rate if the rent is accepted by the landlord on the basis of the agreement. This rule, while well established in England, has been criticized as a departure from the accepted theory of part performance." It will be observed that all the authorities cited by the author in support of the rule announced are English cases, and form a departure from the accepted theory of part performance.

" 'It is abundantly settled, that if one who is already in possession of land as tenant, verbally contracts with the owner for a new term, his merely continuing in possession after the making of the alleged contract, is not

an act of part performance within the meaning of the rule so as to justify a decree for a lease according to the contract. In such a case, the continued holding is naturally and properly referable to the old tenancy, and does not necessarily imply any new agreement between the parties. * * * The mere taking or holding of possession is of itself nothing. * * * The payment of the additional rent is of itself an equivocal circumstance, where a claim is set up of a positive agreement for a new lease, inasmuch as it may be attributed to a mere holding from year to year after the expiration of the old lease, or there may be other inducements to its payment.'" *Spear* v. *Orendorf* (1866), 26 Md. 37, citing Browne, Statute of Frauds.

In *Spalding* v. *Conzelman* (1860), 30 Mo. 177, it was held that if a person already in possession of premises as tenant verbally contracts with the owner for a new term his mere continuance in possession after the making of the alleged contract is not an act of part performance such as will justify a decree for the specific enforcement of the verbal contract, the court saying: "With regard to the question of part performance, the evidence shows that the plaintiff was in possession at the time of the negotiation, and that it was not assumed by him or delivered to him in pursuance of the contract alleged. If one, already in possession of land as tenant, verbally contract with the owner for a new term, his merely continuing in possession after the making of the alleged contract is not an act of part performance within the meaning of the rule so as to justify a decree for a lease according to the contract. The continued holding does not necessarily imply any new agreement, but is naturally and properly referable to the old tenancy. * * * The mere taking or holding possession is unimportant. *Quo animo* it is taken or held, is to be considered, and this question is not allowed to be an-

swered by parol proof of the agreement between the parties. (3 Ves. 378.) So also the mere payment of additional rent, where an agreement for a new lease is set up, is a circumstance of little importance, inasmuch as it may be referred to a holding from year to year after the expiration of the old lease, or to other inducements to its payment."

In *Koch* v. *National Union Building Assn.* (1891), 137 Ill. 497, 27 N. E. 530, quoting from *Wood* v. *Thornly* (1871), 58 Ill. 464, 469, it is said: " 'To constitute such performance as will avoid the statute, it must clearly and distinctly appear that the party entered into the possession under the agreement itself, and was allowed and induced to make expenditures of money, and to make valuable and permanent improvements. The mere possession of land, under a parol agreement of sale, even with the superadded fact of valuable improvements, will not be deemed part performance, if the possession was obtained otherwise than under the contract. The text writers will agree in laying down the rule that, in order to take a case out of the statute, it is not only indispensable that the acts done should be clear and definite, and referable exclusively to the contract, but the contract should also be established by competent proofs to be clear, definite and unequivocal in all its terms. Story, Eq. Jur. Sec. 764. It has been repeatedly held that it is not sufficient that the party is in possession under a lease or in any other manner, but it must affirmatively appear that such party got possession under the agreement relied on, and in part performance of the same, and it must also distinctly appear that the improvements were made under the contract itself, and not otherwise.' "

And in *Morrisson* v. *Herrick* (1889), 130 Ill. 631, 22 N. E. 537, it is said: "It is undoubtedly the rule that acts of part performance, whatever they may be, must

refer exclusively to the contract, and be such as would not have been performed but for such contract. They must be such as cannot be explained consistently with any other contract than the one alleged, that is to say, they must refer to, result from, and be due in pursuance of such contract. If therefore possession is relied upon as an act of part performance, it must be possession under the contract sought to be enforced. The continuance of possession taken before the contract was made is accordingly not usually held to be sufficient."

And in *Dunckel* v. *Dunckel* (1894), 141 N. Y. 427, 36 N. E. 405, it is said: "We think it is a general rule to be gathered from the authorities that mere payment of the purchase price of land is not sufficient to authorize the specific performance of the contract of sale unless the peculiar circumstances of the case be such that an action at law to recover back the money paid would not give the purchaser an adequate remedy. But it is also a general rule that when the consideration has been paid and possession under the contract of sale has been taken, the contract will be specifically enforced, and to take the case out of this rule the circumstances must be peculiar and exceptional."

There was no change in the possession of the real estate, no giving or taking possession thereof, under or pursuant to the alleged oral agreement in the instant case. It follows therefore that the only part performance, if such it can be called, of the oral agreement, was the payment of the additional rent which was to be paid by appellant for the property.

In *Carlisle* v. *Brennan* (1879), 67 Ind. 12, the court quotes with approval from Browne, Statute of Frauds §461, wherein the author says: "'And now, by an unbroken current of authorities, running through many years, it is settled too firmly for question, that payment, even to the whole amount of the purchase money, is not

to be deemed part performance so as to justify a court of equity in enforcing the contract.'" ."'This,'" said the court, "'is the law in this State on the question we are now considering, as settled and declared in and by a number of decisions of this court.'"

In *Pearson* v. *East* (1871), 36 Ind. 27, it was said: "While it is well settled that the taking of possession under the contract of purchase of real estate is sufficient to take the case out of the operation of the statute of frauds, it is equally well settled that simply to remain in possession is not sufficient, even though the purchase-money may have been paid and improvements made. * * * If the purchaser has made improvements for which he has valid claim, he can be compensated therefor in damages. *Anthony* v. *Leftwich*, 3 Rand. 238. And if he has paid purchase-money, he may recover it in an action for money had and received."

This court in *Riley* v. *Haworth* (1902), 30 Ind. App. 377, 64 N. E. 928, and in *King* v. *Hartley* (1919), 71 Ind. App. 1, 123 N. E. 728, held that the payment of the purchase price is not sufficient part performance to take a parol contract for the sale of land out of the statute. If an oral agreement for the purchase of real estate by one who at the time of making such agreement is in possession of the real estate, is not taken out of the statute of frauds by the purchaser remaining in possession and paying the entire purchase price, we can see no reason why the same rule should not apply to a case where a person in possession of real estate under a lease from year to year is seeking to enforce an oral agreement for a lease for a period forbidden by the statute Appellant without any offer on its part to execute a written lease and furnish security for the payment of the rent seeks to hold the real estate under an oral agreement.

The verdict of the jury is supported by the evidence and is not contrary to law. There was no error in giving or in refusing to give any of the instructions.

Judgment affirmed.